**Ralph K. FORSYTHE, Petitioner-Appellant,**

v.

**STATE OF OHIO et al., Respondents-Appellees.**

No. 15720.

United States Court of Appeals
Sixth Circuit.

June 26, 1964.

Ralph K. Forsythe, in pro. per.

William B. Saxbe, Atty. Gen., of Ohio, Columbus, Ohio, Moran B. Jenkins, Anthony J. Bowers, Durbin, Navarre, Rizor & Dapore, Lima, Ohio, for appellees.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

**PER CURIAM.**

This is an appeal from the dismissal of the complaint of Ralph K. Forsythe, filed in the District Court for the Northern District of Ohio, Western Division. Forsythe is serving a sentence in an Ohio state prison, following conviction for the crime of manslaughter. Relying in his complaint on 28 U.S.C.A. §§ 2201, 2202, he sought a declaration that his detention was unconstitutional—apparently intending to use that declaration as the basis for a later petition for habeas corpus. His complaint was dismissed for lack of allegations which would give the District Court jurisdiction to entertain it or to declare his Ohio sentence illegal. We do not reach the merits of his contention that his trial and conviction in Ohio deprived him of some federally granted constitutional rights, but mention that he principally asserts that he could not legally be convicted of manslaughter upon an indictment and trial for first degree murder. Another complaint reiterated with bewildering variations in 120 pages of pleading, is that his efforts to prosecute an appeal through the Ohio courts were frustrated.

It is impossible to glean from his 55 page address to this Court just what Ohio appellate procedures were employed or attempted to be employed by appellant. The papers before us, however, disclose that some appellate procedures used by Forsythe were reached and disposed of by the Ohio Supreme Court, which stated that "The appeals as of right herein are dismissed for the reason that no debatable constitutional question is involved." The State of Ohio v. Forsythe, 170 Ohio State 38, 161 N.E.2d 778 (1959). Upon the eve of the date set for our hearing of his appeal, he filed a motion for the appointment of counsel to argue his case. Accompanying this last motion was an application to this court to consider his voluminous papers as seeking relief under Title 28, U.S.C.A. § 2255. Upon the cause being submitted to us, we now find in his brief another request for the appointment of counsel. Because we are satisfied that the various papers before us

present nothing calling for relief by this court, we will not indulge in the idle gesture of appointing counsel.

We are satisfied that the Declaratory Judgment Act, 28 U.S.C.A. § 2201, cannot be used as a substitute for appeal, habeas corpus, coram nobis or other procedures enjoying currency among the many now seeking release from prison.

We affirm the District Court.