James K. SHANNON, a/k/a James K. Kelly, Appellant,

v.

Sheriff SEQUEECHI, Sheriff Lloyd Beair, and Sheriff Bill Lessman, Appellees.

No. 8608.

United States Court of Appeals
Tenth Circuit.

Aug. 10, 1966.

Rehearing Denied Oct. 24, 1966.

---

Richard Honeyman, Wichita, Kan., for appellant.

B. D. Watson, Independence, Kan. (Tom Crossan, Independence, Kan., with him on the brief), for appellees.

Before LEWIS and SETH, Circuit Judges, and LANGLEY, District Judge.

## PER CURIAM.

Appellant commenced this action by the filing of a petition pro se for declaratory judgment in the United States District Court for the Northern District of Oklahoma. In his petition appellant seeks damages against several individuals and against the states of Kansas and Oklahoma. He also seeks a declaration that certain search warrants were illegal, and that his present imprisonment is likewise illegal.

The defendants filed motions for summary judgment which were supported by affidavits. The trial court granted the motions, and this appeal was taken.

The record shows that the appellant is incarcerated in the Kansas State Prison having been sentenced upon several counts for issuing insufficient fund checks. His conviction was appealed to the Supreme Court of the state of Kansas and affirmed in State v. Shannon, 194 Kan. 258, 398 P.2d 344. It also appears that appellant has filed several proceedings in the District Court of Montgomery County, Kansas, under the provisions of K.S.A. 60–1507, attacking his conviction, and also filed a petition for writ of habeas corpus with the United States District Court for the District of Kansas, in all of which actions he was unsuccessful.

Appellant's contentions center primarily upon several searches and seizures of property which took place in Kansas and Oklahoma. The items seized were apparently delivered to the possession of officers of Montgomery County, Kansas. After appellant's confinement in the Kansas State Penitentiary, he filed an action in the District Court of Montgomery County seeking to recover this property (Kelly v. Watson, 411 P.2d 611, Montgomery County, Kansas). In this action the appellant was likewise unsuccessful as the court held that the property was lawfully held by the officers as evidence of the commission of a crime or as the fruits of the commission of a crime. The record shows that the appellant has filed other proceedings in the federal and state courts relating to the seizure of personal property and to the searches.

In this action the appellant seeks damages, as indicated above, and a declaration that the search warrants which have been the subject of previous litigation were illegal. In his pleadings in the record on appeal statements are made which indicate that appellant intends to use the declaratory judgment here sought in later suits. He says he intends " * *

to undermine original jurisdiction; wherefrom a patently lawless and fraudulent prosecution was instituted against the plaintiff, * * *." The relief sought indicates that further proceedings are contemplated.

The trial court appointed an attorney to represent appellant in the trial court, and an attorney was appointed for this appeal.

■■ The trial court held that appellant in his action sought to make an improper use of the Declaratory Judgment Act in that he was seeking a reexamination of issues which had previously been adjudicated by the state and federal courts, and that appellant was seeking to use the Act as an appeal from his criminal conviction. The trial court observed that a declaratory judgment should not be granted unless it will effectively terminate a controversy, thus holding that the Act should not be used as preparation for further litigation as here sought.

The action of the trial court was correct. The use of the Declaratory Judgment Act (28 U.S.C.A. §§ 2201, 2202) sought by appellant was improper. A granting of the relief prayed for would not terminate the controversy. The Act does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies. Sepulveda v. State of Colorado, 335 F.2d 581 (10th Cir.); Forsythe v. State of Ohio, 333 F.2d 678 (6th Cir.).

■ We held in Duggins v. Hunt, 323 F.2d 746 (10th Cir.), and Apodaca v. Carraher, 327 F.2d 713 (10th Cir.), that the purpose of the Act is to provide a method for the settlement of a controversy in its entirety, and said in Duggins v. Hunt: "The grant of jurisdiction contained in the Act is not one of compulsion and the court has the discretion whether to entertain an action for declaratory relief." The decision of the trial court whether to exercise jurisdiction will be reviewed here to determine whether there has been an abuse of discretion. Duggins

v. Hunt, supra. There was no such abuse of discretion in the case at bar.

The other issues raised by appellant have been considered but they are without merit.

No costs are allowed.

Affirmed.