**Hollis MORTON, Petitioner-Appellant,**

v.

**Harry S. AVERY, Commissioner, Department of Correction, State of Tennessee, Respondent-Appellee.**

**No. 17806.**

United States Court of Appeals Sixth Circuit.

March 29, 1968.

William L. Underhill (Court Appointed) Nashville, Tenn., for appellant.

David W. McMackin, Nashville, Tenn. (Paul E. Jennings, Asst. Atty. Gen., Nashville, Tenn., on the brief), for appellee; George F. McCanless, Atty. Gen., and Reporter, of counsel.

Before PHILLIPS and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Appellant is serving a ninety-nine year sentence for first degree murder in the Tennessee State Penitentiary. He filed this action for declaratory judgment under 28 U.S.C. § 2201, attacking the validity of the Tennessee Indeterminate Sentence Law, T.C.A. § 40–2707, as construed by the Supreme Court of Tennessee in Franks v. State, 187 Tenn. 174, 213 S.W.2d 105. In that case the State Supreme Court held that the Indeterminate Sentence Law is inapplicable to the crimes of murder and rape.

It is contended by appellant that the failure to apply the Indeterminate Sentence Law to convictions for murder causes him to be confined in the penitentiary for a longer portion of his sentence. Appellant's theory is that the application of the Indeterminate Sentence Law to all felonies except murder and rape is so discriminatory that it deprives him of equal protection of law. He asks that the decision of the Supreme Court of Tennessee in Franks v. State, supra, be declared null and void and that the Indeterminate Sentence Law be construed to apply to his sentence.

The District Court dismissed the case on the ground that no federal question is presented by the petition.

Appellant recently was before this Court in Morton v. Henderson, 389 F.2d 699, (October 17, 1967) in which the judgment of the District Court denying writ of habeas corpus was affirmed.

We agree with the District Court that no federal question is presented by the

1. Strohkorb v. United States, 268 F.Supp. 526 (E.D.Va.1967).

petition. We affirm, however, upon the ground that federal declaratory judgment proceedings cannot be used by a prisoner as a means of attack upon a State criminal judgment under which he is confined. Booker v. State of Arkansas, 380 F.2d 240, 242 (8th Cir.); Christopher v. State of Iowa, 324 F.2d 180 (8th Cir.).

This Court has held that an action for declaratory judgment cannot be used as a substitute for a writ of habeas corpus. Scruggs v. Henderson, 380 F.2d 981 (6th Cir.); Olney v. State of Ohio, 341 F.2d 913 (6th Cir.); Forsythe v. State of Ohio, 333 F.2d 678 (6th Cir.).

Affirmed.