**Earl HILL, Jr., Petitioner,**

v.

**STATE OF TENNESSEE, Respondent.**

**No. CIV-2-78-23.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 30, 1978.

Earl Hill, Jr., pro se.

Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

### NEESE, District Judge.

The petitioner Mr. Hill, who is in the custody of the respondent pursuant to his convictions in the Criminal Court of Washington County, Tennessee, seeks herein a declaratory judgment by this Court, 28 U.S.C. § 2201,[1] that such convictions are " * * * unconstitutional and [to] [o]rder same void and of no effect and [o]rder the records relative to same expunged. * * * " The respondent moved for a dismissal of this action for the failure of the petitioner to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. The motion has merit.

" * * * [F]ederal declaratory judgment proceedings cannot be used by a prisoner as a means of attack upon a [s]tate criminal judgment under which he is confined. * * * " *Morton v. Avery,* C.A. 6th (1968), 393 F.2d 138, 139. Neither can such an action be used as a substitute for one seeking a writ of habeas corpus. *Idem.; Ruip v. State of Kentucky,* C.A. 6th (1968), 400 F.2d 871, 872[1]; *Scruggs v. Henderson,* C.A. 6th (1967), 380 F.2d 981, 982[1]; *Olney v. State of Ohio,* C.A. 6th (1965), 341 F.2d 913; *Forsythe v. State of Ohio,* C.A. 6th (1964), 333 F.2d 678, 679[2]. Mr. Hill's exclusive federal remedy, if any, is by habeas corpus petition. *Preiser v. Rodriguez* (1973), 411 U.S. 475, 489–490, 93 S.Ct. 1827, 36 L.Ed.2d 439, 450[10].

---

1. The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is procedural in nature and cannot serve as a basis for federal court jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.* (1950), 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194, 1199 (headnote 1); *King v. Sloane,* C.A.

6th (1976), 545 F.2d 7, 8[3]. It is not clear upon what, if any, basis Mr. Hill seeks to invoke this Court's limited jurisdiction. See and cf. Rule 8(a)(1), Federal Rules of Civil Procedure.

The respondent's aforementioned motion hereby is GRANTED, and this action hereby is DISMISSED for the failure of the plaintiff to state a claim herein upon which relief can be granted.[2]

2. Such disposition renders moot Mr. Hill's motion herein of March 15, 1978 for leave to file exhibits.