**In re BLANK, ROME, COMISKY & McCAULEY ASBESTOS CASES and Other Similarly-Situated Cases.**

**C.A. No. 85–2072.**

United States District Court, E.D. Pennsylvania.

Nov. 21, 1985.

Norman Perlberger, Philadelphia, Pa., for plaintiffs.

Gilbert Newman, Leonard P. Goldberger, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This action for declaratory relief was brought on behalf of three classes of plaintiffs who have causes of action which accrued since the filing on November 1, 1982 of a Petition for Reorganization of Amatex Corporation under the Bankruptcy Code. Class 1 plaintiffs are those whose causes of action accrued after the date of the filing of the bankruptcy petition, who have pending suits filed with this court, and where two or more years transpired since discovery of injury. Class 2 plaintiffs are those whose causes of action accrued after the filing of the bankruptcy petition, who have pending suits in this court, and where two years have not yet transpired from the date of discovery of the injury. Class 3 plaintiffs are those whose causes of action arose after the filing of the bankruptcy petition, who have not yet filed suits, and where two years have not yet transpired from the date of discovery of the injury. Presently before the court is the motion of the defendants to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons which follow, the motion is granted.

The defendants argue that the complaint does not aver an actual case or controversy, and that the complaint seeks a reversal of *Matter of M. Frenville Co., Inc.,* 744 F.2d 332 (3d Cir.1984). The plaintiff argues that it does not seek a reversal of *Frenville,* but rather a declaration relating to certain implications of that decision to plaintiffs' asbestos-related actions filed in this court.

The Federal Declaratory Judgment Act provides in pertinent part that:

In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party

seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

The requirement that to sustain federal jurisdiction there be a "case" or "controversy", is no less strict under the Declaratory Judgment Act than in other suits. *United States v. State of Wash.,* 759 F.2d 1353, 1360 (9th Cir.1985). The granting of a declaratory judgment is subject to the sound discretion of the court. *State Farm Mut. Ins. Co. v. Shour,* 407 F.Supp. 787, 788 (E.D.Pa.1975). The Declaratory Judgment Act "does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal...." *Shannon v. Sequeechi,* 365 F.2d 827, 829 (10th Cir.1966).

In *Frenville,* the Court of Appeals for the Third Circuit held that the automatic stay provision of 11 U.S.C. § 362(a)(1) is not applicable when the debtor's acts which form the basis of the suit occurred pre-petition but the actual cause of action being instituted did not arise until after the filing of the bankruptcy petition. 744 F.2d 332, 334–337 (3d Cir.1984), *cert. denied* sub nom *Frenville Co. v. Avellino and Bienes,* —— U.S. ——, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985).

Under the *Frenville* holding, although the claims of Class 1 plaintiffs would appear to be time-barred because they were filed more than two years after discovery of injury, the claims of Class 2 and Class 3 plaintiffs are not time-barred because their actions were or can still be filed within two years after discovery of the injury.

The *Frenville* holding has eliminated the "controversy" surrounding the claims of the plaintiffs, and in the absence of "controversy", we are without jurisdiction to declare the rights of the parties to this action.