## CIRCUIT COURT OF LOUDOUN COUNTY

Charles Wesley Curtis

  v.

Archibald M. Aiken, Jr.

August 2, 1994

Case No. (Law) 15129

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court for consideration of the Plaintiff's motion for declaratory judgment filed against Archibald M. Aiken, Jr., challenging the validity of a criminal conviction on the basis that he was improperly denied a competency evaluation in violation of his due process rights. The Defendant has demurred to the motion for declaratory judgment, and at the direction of the Court, the parties have filed memoranda of authorities in support of their respective positions. After careful consideration of the record in this case and the memoranda of authorities filed by the parties, the Court has made the following decisions to sustain the demurrer and dismiss this case.

### I. Statement of Material Facts

The following facts are established by the record in this case.

The Plaintiff is currently detained pursuant to sentences imposed by the Circuit Court of Loudoun County for the crimes of first degree murder and abduction, for which crimes the Plaintiff entered pleas of guilty. Curtis pleaded guilty to the offenses thereby precluding him from a direct appeal.

Curtis filed a Petition for Writ of Habeas Corpus in the Virginia Supreme Court which was denied on January 21, 1992.

On October 1, 1987, a preliminary hearing was held in the Loudoun County General District Court before the Honorable Archibald M. Aiken, Jr. At that hearing, Curtis's defense counsel made a motion pursuant to Virginia Code §§ 19.2-169.1 and 19.2-169.5 to have Mr. Curtis evaluated

on the ground that he lacked substantial competency to stand trial. The Court denied that motion on the basis that the evidence was insufficient to sustain the motion. Transcript, October 1, 1987, pp. 7-8.

Curtis's sole complaint in his motion for judgment is that Judge Aiken applied the wrong burden of proof in ruling on his motion for a psychiatric evaluation to determine his competency to stand trial.

In the Circuit Court, Curtis had different counsel from in the District Court (Petitioner's Memo., Appendix 1, p. 31) and a motion for mental evaluation could have been filed in the Circuit Court, so Curtis could not have been prejudiced by the District Court's ruling.

## II. *Conclusions of Law*

The decision whether to exercise jurisdiction to issue a declaratory judgment is within the sound discretion of the Court. *Chaffinch v. C. & P. Telephone Co.*, 227 Va. 68, 72, 313 S.E.2d 376 (1984). However, a declaratory judgment action cannot be used as a substitute for a Petition for Writ of Habeas Corpus. *See, e.g., United States v. Illinois*, 356 F.2d 878, 879 (7th Cir.), *cert. denied*, 384 U.S. 946 (1966); *Forsythe v. Ohio*, 333 F.2d 678, 679 (6th Cir. 1964). The issues which Curtis now raises are based on facts which he had knowledge of when he filed his first petition for Writ of Habeas Corpus which he filed in the Virginia Supreme Court; therefore, he may not assert this present claim by petition for declaratory judgment or petition for writ of habeas corpus. *See* Virginia Code § 8.01-654(b)(2).

Curtis pleaded guilty to the crimes of abduction and murder for which he is presently detained. "[T]he truth and accuracy of representations made by an accused as to the adequacy of his court appointed counsel and the voluntariness of his guilty plea will be considered conclusively established by the trial proceedings, unless the petitioner offers a valid reason why he should be permitted to controvert his prior statements." *Anderson v. Warden*, 222 Va. 511, 516, 281 S.E.2d 885 (1981).

Generally, a judge is immune from suit for money damages. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 116 L. Ed. 2d 9, 14, 112 S. Ct. 286 (1991). The actions which Judge Aiken undertook at the preliminary hearing incident to ruling on the motion for an evaluation for mental competency were judicial acts, and he is immune from damage actions by persons aggrieved of acts such as Mr. Curtis, and Curtis's remedy for the ruling complained of was renewal of his motion in the Circuit Court, and, depending upon the Court's ruling, an

appeal of an adverse ruling. Additionally, he had the remedy of habeas corpus, which he has unsuccessfully exercised. While official immunity may not apply to a suit for declaratory judgment or injunction, *Rowley v. McMillian*, 502 F.2d 1326 (4th Cir. 1974), the declaratory judgment act may not be used to circumvent established habeas corpus procedures.

## III. *Decision*

For the foregoing reasons, the Court is of the opinion that the motion for declaratory judgment is without merit. Therefore, it is adjudged and ordered that the Defendant's demurrer is sustained and the motion for declaratory judgment is dismissed with prejudice and that the Defendant recover from the Plaintiff his costs which are to be taxed by the Clerk.