## CIRCUIT COURT OF THE CITY OF RICHMOND

Thomas Lynwood Hawkins

v.

Virginia Department of Corrections

October 7, 1996

Case No. HH-601

BY JUDGE RANDALL G. JOHNSON

This matter is before the court on demurrer. Plaintiff, Thomas Lynwood Hawkins, is an inmate in the Virginia state prison system, currently housed at Buckingham Correctional Center in Dillwyn, Virginia. Defendant, Virginia Department of Corrections (VDOC), is a state agency responsible, in part, for determining parole eligibility.

VDOC has previously determined that Hawkins is ineligible for parole. Hawkins has filed a motion for declaratory judgment seeking to have this court construe and apply the provisions of Va. Code § 53.1-151(B1) to the facts pertinent to his parole eligibility. VDOC has demurred, arguing that declaratory judgment is not the appropriate method to challenge its determination that Hawkins is ineligible for parole. VDOC contends that Hawkins should have petitioned for a writ of habeas corpus. In the alternative, VDOC argues that Hawkins' pleadings are insufficient because they fail to make the necessary allegation that the determination made by VDOC was arbitrary or capricious. Because the court agrees with VDOC and sustains the demurrer on the ground that a declaratory judgment action is not the appropriate way to challenge VDOC's parole decision, VDOC's second argument is not considered.

Traditionally, prisoners could seek habeas corpus relief for unlawful detention only when their immediate release would result from the issuance of the writ. More recently, cases have held that such action may be used to challenge the length of one's confinement, as well. This is true in

both state and federal court. For example, the Supreme Court of Virginia has considered a petition by a prisoner who challenged the applicable good time rate applied to his incarceration. *Valentine v. Warden of the Bland Correctional Ctr.*, 247 Va. 1, 438 S.E.2d 761 (1993). The Supreme Court of the United States has held that a petition for habeas corpus is appropriate for a prisoner to challenge either the fact or the length of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Clearly, by challenging a determination of his parole eligibility, Hawkins is challenging the length of his confinement here. Therefore, a habeas corpus action is available to him.

Not only is habeas corpus an available cause of action under these circumstances, it is the appropriate cause of action for this plaintiff. "[A] declaratory judgment action cannot be used as a substitute for a Petition for Writ of Habeas Corpus." *Curtis v. Aiken*, 34 Va. Cir. 253 (Loudoun County, 1994) (citing *United States v. Illinois*, 356 F.2d 878, 879 (7th Cir. 1966) *cert. denied*, 384 U.S. 946 (1966); *Forsythe v. Ohio*, 333 F.2d 678, 679 (6th Cir. 1964)). "Declaratory Judgment is an inappropriate means of attacking decisions regarding parole eligibility." *Hamlette v. Virginia Dept. of Corrections*, Circuit Court of the City of Richmond (Case No. HB-1223, September 25, 1996). "The appropriate remedy is the writ of habeas corpus." *Id.*

There are procedural demands made on a petitioner for habeas corpus. Those procedural demands cannot be circumvented by filing the same case as a motion for declaratory judgment. Declaratory judgments should not be used "as instruments of procedural fencing." *Williams v. Southern Bank of Norfolk*, 203 Va. 657, 662, 125 S.E.2d 803 (1962). The court sustains the demurrer.