By order dated February 12, 2004, the Circuit Court of York County directed that the sentence of death imposed upon Dennis Mitchell Orbe (“Orbe”) be carried out on March 31, 2004. On March 5, 2004, Orbe filed a Bill of Complaint for Declaratory Judgment and Injunctive Relief in the Circuit Court of the City of Richmond seeking an adjudication that the particular method of implementation of lethal injection employed by the Commonwealth and anticipated to be utilized in his execution “constitutes cruel and unusual punishment and violates due process of law under Article I, Sections 9 and 11, of the Constitution of Virginia.” Additionally, Orbe requested the issuance of a permanent injunction “barring [the Commonwealth] from carrying out [his] execution using a protocol that will cause unnecessary pain.” In a separate motion, Orbe requested the issuance of a temporary restraining order and preliminary injunction “to protect the status quo ante” and enjoining the Commonwealth from carrying out Orbe’s execution on March 31, 2004. In pleadings before this Court, Orbe states that he makes no federal constitutional claims in this action.
On March 10, 2004, the Circuit Court of the City of Richmond denied Orbe’s Motion for Preliminary Injunction holding that it was “without jurisdiction to grant the motion, pursuant to Virginia Code § 53.1-232.1,” that Orbe’s claim “is a habeas corpus claim and does not lie in a declaratory judgment proceeding,” and that even “if the *561 court had jurisdiction and declaratory judgment was the proper proceeding, the court would find that [Orbe] could not demonstrate a likelihood of success on the merits.” By order dated March 12, 2004, the Circuit Court of the City of Richmond dismissed the entire Bill of Complaint, holding that Orbe’s claim “is a habeas corpus claim which does not lie in a declaratory judgment proceeding, and that [the court] is without jurisdiction to consider habeas corpus claims brought by persons sentenced to death pursuant to Virginia Code § 8.01-654(C).”
On March 22, 2004, Orbe filed his notice of appeal from the denial of a preliminary injunction and from the dismissal of the entire Bill of Complaint. On appeal, Orbe asserts:
1. The circuit court erred in denying a preliminary injunction on the ground that it supposedly lacked jurisdiction to do so under Code § 53.1-232.1.
2. The circuit court erred in denying a preliminary injunction on the ground that the issue in Plaintiff’s bill of complaint for declaratory judgment supposedly was a habeas corpus claim.
3. The circuit court erred in denying a preliminary injunction on the ground that Plaintiff could not demonstrate a likelihood of success on the merits.
4. The circuit court erred in dismissing the complaint on the ground that the Plaintiff’s bill of complaint was a second or successive habeas petition.
Orbe requests this Court to remand the declaratory judgment action to the trial court for trial and to issue a preliminary injunction or remand to the trial court with directions to enter such an injunction prohibiting the Commonwealth from “carrying out Orbe’s execution using their current protocol.”
Orbe’s bill of complaint is not a claim for habeas relief. See Dennis Mitchell Orbe v. William Page True, Warden, decided today. Orbe’s action is one for declaratory judgment. However, it may not be sustained. Because Orbe is deemed to have selected lethal injection rather than electrocution, he has waived any challenge to the constitutionality of lethal injection under the Constitution of Virginia. Orbe’s claim is based upon Article I, Sections 9 and 11, of the Constitution of Virginia. He specifically disclaims any federal constitu *562 tional claims. Under Virginia law, he cannot use a declaratory judgment action to decide an issue he has waived by prior act.
Pursuant to the provisions of Code § 53.1-234, Orbe had the right to choose whether his execution will be by lethal injection, as it is administered in Virginia, or by electrocution. If the condemned prisoner has not made a choice by at least fifteen days prior to the scheduled execution, the statute provides that the method of execution shall be by lethal injection. Under these circumstances, the condemned prisoner may affirmatively choose electrocution, affirmatively choose lethal injection, or choose the statutory consequences of a failure to specify, namely, lethal injection. In any case, it is the condemned prisoner’s choice.
We have previously held that execution of prisoners by electrocution does not violate the Eighth Amendment’s prohibitions against cruel and unusual punishment. Bell v. Commonwealth, 264 Va. 172, 202, 563 S.E.2d 695, 715 (2002), cert. denied, 537 U.S. 1123 (2003); Ramdass v. Commonwealth, 246 Va. 413, 419, 437 S.E.2d 566, 569 (1993), vacated in part on other grounds, 512 U.S. 1217 (1994), cert. denied after remand, 514 U.S. 1085 (1995); Stockton v. Commonwealth, 241 Va. 192, 215, 402 S.E.2d 196, 209-10 (1991); Martin v. Commonwealth, 221 Va. 436, 439, 271 S.E.2d 123, 125 (1980); Hart v. Commonwealth, 131 Va. 726, 743-44, 109 S.E. 582, 587 (1921). We take this occasion to hold that execution of prisoners by electrocution also does not violate Article I, Sections 9 and 11, of the Constitution of Virginia.
When a condemned prisoner has a choice of method of execution, the inmate may not choose a method and then complain of its unconstitutionality, particularly when the constitutionality of the alternative method has been established. In Stewart v. LaGrand, a case involving a challenge to execution by lethal gas, the Supreme Court of the United States held that
Walter LaGrand, by his actions, has waived his claim that execution by lethal gas is unconstitutional. At the time Walter LaGrand was sentenced to death, lethal gas was the only method of execution available in Arizona, but the State now provides inmates a choice of execution by lethal gas or lethal injection, see Ariz. Rev. Stat. §13-704(B) (creating a default rule of execution by lethal injection). Walter LaGrand was afforded this choice and decided to be executed by lethal gas. On March 1, 1999, Governor Hull of Arizona offered Walter *563 LaGrand an opportunity to rescind this decision and select lethal injection as his method of execution. Walter LaGrand, again, insisted that he desired to be executed by lethal gas. By declaring his method of execution, picking lethal gas over the state’s default form of execution - lethal injection - Walter LaGrand has waived any objection he might have to it.
526 U.S. 115, 119 (1999).
Orbe’s circumstances are legally indistinguishable from those presented to the United States Supreme Court in LaGrand. As previously discussed, under Code § 53.1-234, Orbe could have chosen electrocution or he could have chosen lethal injection. Instead, he chose to allow the statutory default provisions to apply. The Commonwealth did not make his choice. The Commonwealth only provided the choices for him, including the choice of allowing the default provisions to apply. Orbe has waived any right he may have to complain about lethal injection as it is administered in Virginia.
The effect of his waiver removes Orbe’s claims from those that may be properly considered by declaratory judgment under Virginia law. Declaratory judgment proceedings were not available at common law. This statutory cause of action is dependent upon “cases of actual controversy.” Code § 8.01-184. Declaratory judgment is not intended to provide advisory opinions. Erie Ins. Group v. Hughes, 240 Va. 165, 170, 393 S.E.2d 210, 212 (1990). Orbe’s waiver of the right to contest the constitutionality of lethal injection as it is administered in Virginia removes the requirement of “actual controversy” from the case. Simply stated, Orbe has no cognizable cause of action.
Additionally, a declaratory judgment action is not a substitute for an appeal or collateral attack upon conviction. Declaratory judgment “does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies.” Shannon v. Sequeechi, 365 F.2d 827, 829 (10th Cir. 1966). “A declaratory judgment action is not part of the criminal appellate process.” State v. Brooks, 728 N.E.2d 1119, 1122 (Ohio Ct. App. 1999). The issue Orbe presents in his declaratory judgment action should have been raised before the trial court in Orbe’s criminal case and on direct appeal from that judgment.
While the trial court erred in characterizing Orbe’s claim as one for habeas corpus rather than declaratory judgment, the trial court did not err in dismissing the action. It is unnecessary to address each of Orbe’s assignments of error because they are predicated upon the *564 legitimacy of the underlying declaratory judgment action itself. Orbe’s appeal from the judgment orders of the trial court dated March 10, 2004 and March 12, 2004 is denied. All of Orbe’s other motions attendant to this appeal are denied.