In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Wednesday, the 31st day of March, 2004.

Dennis Mitchell Orbe,                                    Appellant,

  against          Record No. 040673

Gene M. Johnson, Director, Virginia
  Department of Corrections, et al.,                    Appellees.


Upon an appeal from a judgment rendered by the Circuit Court of the City of Richmond.


Appellant did not move to proceed in forma pauperis. Nonetheless, we grant him the right to do so.

Yesterday, the Court denied Dennis Mitchell Orbe's Petition for Appeal from a dismissal of his Bill of Complaint for Declaratory Judgment and Injunctive Relief in the Circuit Court of the City of Richmond. Orbe v. Johnson, et al., Record No. 040598 (March 30, 2004). The Court denied his petition for rehearing today. His prior action sought an adjudication that the particular method of implementation of lethal injection employed by the Commonwealth and anticipated to be utilized in his execution "constitutes cruel and unusual punishment and violates due process of law under Article I, Sections 9 and 11, of the Constitution of Virginia." Additionally, Orbe requested the issuance of a permanent injunction "barring [the Commonwealth] from carrying out [his] execution using a protocol that will cause unnecessary pain." In a separate motion, Orbe requested the issuance of a temporary restraining order and preliminary injunction "to protect the status quo ante" and enjoining the Commonwealth from carrying out Orbe's execution

currently scheduled to be carried out at 9:00 p.m. tonight.  Orbe raised no federal constitutional questions in his prior appeal.  We dismissed the appeal for the reasons stated in the order.

Orbe has filed another Bill of Complaint for Declaratory Judgment and Injunctive Relief in the Circuit Court of the City of Richmond.  The trial court denied the request for injunctive relief and dismissed the Bill of Complaint for Declaratory Judgment.

Orbe appeals the adverse judgment of the trial court maintaining that "[t]he circuit court erred in denying a temporary restraining order and dismissing Orbe's federal constitutional claims."  The trial court did not err in refusing to grant injunctive relief that would stay Orbe's execution.  Pursuant to Code § 53.1-232.1, "[o]nce an execution date is scheduled, a stay of execution may be granted by the trial court or the Supreme Court of Virginia only upon a showing of substantial grounds for habeas corpus relief."  The "trial court" referred to in Code § 53.1-232.1 is the sentencing court, in this case, the Circuit Court of York County.  The Circuit Court of the City of Richmond does not have the power to issue an injunction staying Orbe's execution.  While a court ordinarily has the power to issue orders necessary to preserve its own jurisdiction, that power has been expressly limited by the General Assembly when the subject matter is the stay of an already scheduled execution.  Additionally, Orbe does not demonstrate "substantial grounds for habeas corpus relief."  Rather, he has filed an action for declaratory judgment.

Additionally and independently, as more fully explained below, Orbe may not maintain an action for declaratory judgment under

Virginia law. Consequently, relief ancillary to an improper bill of complaint cannot be granted.  A declaratory judgment action is not a substitute for an appeal or collateral attack upon conviction. Declaratory judgment "does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies."  Shannon v. Sequeechi, 365 F.2d 827, 829 (10th Cir. 1966). "A declaratory judgment action is not part of the criminal appellate process." State v. Brooks, 728 N.E.2d 1119, 1122 (Ohio Ct. App. 1999).  The issue Orbe presents in his declaratory judgment action should have been raised before the trial court in Orbe's criminal case and on direct appeal from that judgment.

Also and independently, declaratory judgment does not lie under Virginia law when there is no actual controversy.  Orbe has removed the actual controversy by his selection of the method of execution. Pursuant to the provisions of Code § 53.1-234, Orbe had the right to choose whether his execution will be by lethal injection, as it is administered in Virginia, or by electrocution.  If the condemned prisoner has not made a choice by at least fifteen days prior to the scheduled execution, the statute provides that the method of execution shall be by lethal injection.  Under these circumstances, the condemned prisoner may affirmatively choose electrocution, affirmatively choose lethal injection, or choose the statutory consequences of a failure to specify, namely, lethal injection.  In any case, it is the condemned prisoner's choice.

We have previously held that execution of prisoners by electrocution does not violate the Eighth Amendment's prohibitions

3

against cruel and unusual punishment.  <u>Bell v. Commonwealth</u>, 264 Va. 172, 202, 563 S.E.2d 695, 715 (2002), <u>cert. denied</u>, 537 U.S. 1123 (2003); <u>Ramdass v. Commonwealth</u>, 246 Va. 413, 419, 437 S.E.2d 566, 569 (1993), <u>vacated in part on other grounds</u>, 512 U.S. 1217 (1994), <u>cert. denied after remand</u>, 514 U.S. 1085 (1995); <u>Stockton v. Commonwealth</u>, 241 Va. 192, 215, 402 S.E.2d 196, 209-10 (1991); <u>Martin v. Commonwealth</u>, 221 Va. 436, 439, 271 S.E.2d 123, 125 (1980); <u>Hart v. Commonwealth</u>, 131 Va. 726, 743-44, 109 S.E. 582, 587 (1921).  When a condemned prisoner has a choice of method of execution, the inmate may not choose a method and then complain of its unconstitutionality, particularly when the constitutionality of the alternative method has been established.

In <u>Stewart v. LaGrand</u>, a case involving a challenge to execution by lethal gas, the Supreme Court of the United States held that:

> Walter LaGrand, by his actions, has waived his claim that execution by lethal gas is unconstitutional.  At the time Walter LaGrand was sentenced to death, lethal gas was the only method of execution available in Arizona, but the State now provides inmates a choice of execution by lethal gas or lethal injection, see Ariz. Rev. Stat. § 13-704(B) (creating a default rule of execution by lethal injection).  Walter LaGrand was afforded this choice and decided to be executed by lethal gas.  On March 1, 1999, Governor Hull of Arizona offered Walter LaGrand an opportunity to rescind this decision and select lethal injection as his method of execution. Walter LaGrand, again, insisted that he desired to be executed by lethal gas.  By declaring his method of execution, picking lethal gas over the state's default form of execution — lethal injection — Walter LaGrand has waived any objection he might have to it.

526 U.S. 115, 119 (1999).

Orbe's circumstances are legally indistinguishable from those presented to the United States Supreme Court in <u>LaGrand</u>. As

4

previously discussed, under Code § 53.1-234, Orbe could have chosen electrocution or he could have chosen lethal injection. Instead, he chose to allow the statutory default provisions to apply. The Commonwealth did not make his choice. The Commonwealth only provided the choices for him, including the choice of allowing the default provisions to apply. Orbe has waived any right he may have to complain about lethal injection as it is administered in Virginia.

The effect of his waiver removes Orbe's claims from those that may be properly considered by declaratory judgment under Virginia law. Declaratory judgment proceedings were not available at common law. This statutory cause of action arises only "[i]n cases of actual controversy." Code § 8.01-184. Declaratory judgment is not intended to provide advisory opinions. Erie Ins. Group v. Hughes, 240 Va. 165, 170, 393 S.E.2d 210, 212 (1990). Orbe's waiver of the right to contest the constitutionality of lethal injection as it is administered in Virginia removes the requirement of "actual controversy" from the case. Simply stated, Orbe has no cognizable cause of action under Virginia law.

In his prior Bill of Complaint for Declaratory Judgment, Orbe based his claims entirely upon Article I, Sections 9 and 11 of the Constitution of Virginia. He presents virtually the same claims in this declaratory judgment action except that he bases his claims upon the Eighth and Fourteenth Amendments of the United States Constitution. We find his claims without merit.

In summary, Orbe may not maintain an action for declaratory judgment under Virginia law because he may not use declaratory

5

judgment as a substitute for appeal or habeas corpus. He should have raised these issues before the trial court during his criminal trial and on appeal from his conviction. Additionally and as an independent basis for this Court's judgment, Orbe waived any right he may have had to challenge lethal injection as it is administered in Virginia because he had a choice among lethal injection, electrocution, or the default of lethal injection provided by statute upon his refusal to specify. For this reason there is no controversy upon which declaratory judgment may properly lie. Finally, and independently, the trial court did not err in refusing to grant injunctive relief staying the execution. The Circuit Court of the City of Richmond has no jurisdiction under Code § 53.1-232.1 to grant such relief.

Orbe's appeal from the judgment order of the trial court dated March 31, 2004 is denied. His request that this Court enter a stay of execution is denied.

_____

JUSTICE LACY, with whom JUSTICE KOONTZ joins, dissenting.

We would grant the appeal and proceed in the manner and for the reasons expressed in the dissent filed in Orbe v. Johnson, et al., Case No. 040598, filed March 30, 2004.

This order shall be certified to the said circuit court.

A Copy,

Teste:


Patricia H. Krueger, Clerk

6