**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAMARR RAYMONDO DENNIS,

      Plaintiff - Appellant,

v.

MARY FALLIN, Oklahoma Governor,

      Defendant - Appellee.

No. 16-5162
(D.C. No. 4:16-CV-00507-TCK-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY** and **MATHESON**, Circuit Judges.[**]

      Plaintiff-Appellant Lamarr Raymondo Dennis, a state inmate appearing pro

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]The Honorable Neil Gorsuch sat previously but did not participate in this order and judgment. The practice of this court permits the remaining two panel judges if in agreement to act as a quorum in resolving the appeal. See 28 U.S.C. §46(d); see also United States v. Wiles, 106 F.3d 1516, 1516 n.* (10th Cir. 1997) (noting this court allows remaining panel judges to act as a quorum to resolve an appeal); Murray v. Nat'l Broad. Co., 35 F.3d 45, 48 (2d Cir. 1994), cert. denied, 513 U.S. 1082 (1995) (remaining two judges of original three judge panel may decide petition for rehearing without third judge). After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

se, filed a complaint seeking declaratory relief pursuant to 28 U.S.C. § 2201. Mr. Dennis asked the district court to declare that (1) Oklahoma's sentence enhancement statute, Okla. Stat. tit. 21, § 51.1, is unconstitutional, (2) Oklahoma's lack of objective sentencing guidelines violates due process, and (3) "Oklahoma's repealed Truth in Sentencing Act should be advisory and can serve as adequate guidelines toward reasonable punishment under constitutional analysis." 1 R. 4–5.

The district court dismissed the complaint without prejudice for failure to state a claim upon which relief could be granted. Id. at 13–17. The court determined that 28 U.S.C. § 2201 does not provide an independent basis for federal jurisdiction and that Mr. Dennis's complaint appeared to be an improper attempt to challenge the validity of his state-court sentence. Id. at 14–15. The court further concluded that Mr. Dennis's complaint could not be treated as a petition for writ of habeas corpus because the statute of limitations had expired. Id. at 16.

On appeal, Mr. Dennis argues that the district court erred because the sentence enhancement statute is arbitrary, capricious, and violates substantive due process. Aplt. Br. at 3. He further asserts that "[e]xcessively broad sentencing ranges without objective guidelines violate due process . . . [because] they promote arbitrariness and inequity." Id. at 4.

We review the district court's decision to dismiss the complaint de novo.

Casanova v. Ulibarri, 595 F.3d 1120, 1124 (10th Cir. 2010). We agree with the district court that 28 U.S.C. § 2201 is not an independent grant of jurisdiction, Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1202 (10th Cir. 2012), and that an action for declaratory judgment cannot be used to shorten a sentence or otherwise attack a state criminal judgment, Morton v. Avery, 393 F.2d 138, 138–39 (6th Cir. 1968). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . ." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Because the statute of limitations applicable to any federal habeas corpus claim has expired, see 28 U.S.C. § 2244(d)(1)(A), we will not treat his complaint as a petition for a writ of habeas corpus. In light of the foregoing, we conclude that the district court properly dismissed Mr. Dennis's complaint for failure to state a claim upon which relief can be granted.

Accordingly, we DISMISS the appeal. We find the appeal frivolous and a "strike" for purposes of 28 U.S.C. § 1915(g).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge