COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Ortiz and Senior Judge Haley


RAYMOND L. HARVEY, JR.

                                                               MEMORANDUM OPINION*

v.        Record No. 1456-22-2                                  PER CURIAM
                                                           JULY 25, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Jacqueline S. McClenney, Judge

(Raymond L. Harvey, Jr., on brief), *pro se*. Appellant submitting on
brief.

(Jason S. Miyares, Attorney General; J. Brady Hess, Assistant
Attorney General; Aaron J. Campbell, Assistant Attorney General,
on brief), for appellee. Appellee submitting on brief.


Raymond L. Harvey, Jr. appeals the circuit court's judgment dismissing his complaint for

declaratory judgment. The parties waived oral argument and after examining the briefs and record

in this case, we affirm.

BACKGROUND

A jury convicted Harvey of aggravated malicious wounding, attempted murder, and two

counts of use of a firearm in the commission of a felony in the Circuit Court of the City of

Roanoke. *See Harvey v. Commonwealth*, No. 1460-15-3, slip op. at 1 (Va. Ct. App. June 19,

2018) (en banc) (order). By final orders entered August 13, 2015, the court sentenced him to a

total of 63 years' imprisonment. *See id.* This Court affirmed Harvey's convictions, *see id.*, and

the Supreme Court dismissed his further appeal in part, and refused it in part, by order entered

January 17, 2019, *see Harvey v. Commonwealth*, No. 180957 (Va. Jan. 17, 2019).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

During the 2020 Special Session, the General Assembly amended Code § 19.2-295 to eliminate automatic jury sentencing in criminal trials, while retaining a criminal defendant's right to request jury sentencing. 2020 Va. Acts Spec. Sess. I, ch. 43; *see also* SB5007. The amendment was effective July 1, 2021. *Id.*

On June 27, 2022, Harvey filed a motion for declaratory judgment in the Circuit Court for the City of Richmond, asking the court to rule that the amendment to Code § 19.2-295 was retroactive. Harvey also filed a brief and supplemental brief in support of his motion, arguing that the doctrine announced in *Teague v. Lane*, 489 U.S. 288 (1989), addressing the retroactivity of new constitutional rules, and federal constitutional principles, compelled a finding of retroactivity.

The Commonwealth filed a "Demurrer and Motion to Dismiss" in which it argued that Harvey's claim was not cognizable because declaratory judgment cannot be used as a substitute for appeal or other post-conviction remedies. Relying on *Orbe v. Johnson*, 267 Va. 560 (2004), the Commonwealth asserted that Harvey was not permitted to use a declaratory judgment action to challenge his convictions.

Harvey filed a written objection to the Commonwealth's demurrer and motion to dismiss. Harvey argued that *Orbe* was inapposite to his action and that sustaining the Commonwealth's demurrer or dismissing his declaratory judgment action would be incompatible with the remedial nature of the declaratory judgment scheme.

The court sustained the Commonwealth's demurrer, granted the motion to dismiss, and dismissed Harvey's complaint with prejudice. Harvey appealed. On appeal, Harvey argues that the court erred in considering the demurrer and motion to dismiss simultaneously because different legal standards govern those procedural devices. In addition, he contends that the court erred in sustaining the Commonwealth's demurrer because he stated a proper cause of action for

declaratory judgment.  Finally, he contends that the court's order is too vague to permit him meaningful review by this Court.[1]  Finding the merits of the declaratory judgment argument dispositive, we begin our analysis with that point.

ANALYSIS

I.  The circuit court did not have jurisdiction to render a declaratory judgment.

"[T]he power to make a declaratory judgment is a discretionary one and must be exercised with care and caution."  *Hunter v. Hunter*, 77 Va. App. 468, 479 (2023) (alteration in original) (quoting *Liberty Mut. Ins. Co. v. Bishop*, 211 Va. 414, 421 (1970)).  "The purpose of the Declaratory Judgment Act, Code §§ 8.01-184 through -191, is to provide relief from the uncertainty arising out of controversies over legal rights."  *Treacy v. Smithfield Foods, Inc.*, 256 Va. 97, 103 (1998).

> In cases of actual controversy, circuit courts within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for.  Controversies involving the interpretation of deeds, wills, and other instruments of writing, statutes, municipal ordinances and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right.

Code § 8.01-184.  "The General Assembly created the power to issue declaratory judgments to resolve disputes 'before the right is violated.'"  *Charlottesville Area Fitness Club Operators Ass'n v. Albemarle Cnty. Bd. of Sup'rs*, 285 Va. 87, 98 (2013) (*Charlottesville Fitness*) (quoting *Patterson v. Patterson*, 144 Va. 113, 120 (1926)).  Thus, "the Declaratory Judgment Act provides a 'procedural remedy for the unripe, but legally viable, cause of action.'"  *Morgan v.*

---

[1] We do not address this final assignment of error because Harvey has cited no authorities in support of his argument that the court was required to explain its ruling.  We deem the argument waived because of Harvey's failure to comply with Rule 5A:20(e).

*Bd. of Supervisors of Hanover Cnty.*, ___ Va. ___, ___ (Feb. 2, 2023) (quoting *Cherrie v. Virginia Health Servs., Inc.*, 292 Va. 309, 318 (2016)).

The limitations on declaratory judgments, however, are well-established. "Declaratory-judgment actions, for example, cannot be employed as 'instruments of procedural fencing, either to secure delay or to choose a forum,' or as a means of deciding a mere 'disputed fact' rather than a judicial declaration of legal 'rights, status, and other relations, commonly expressed in written instruments.'" *Ames Ctr., L.C. v. SOHO Arlington, LLC*, 301 Va. 246, 253 (2022) (first quoting *Williams v. Southern Bank of Norfolk*, 203 Va. 657, 662 (1962); and then quoting *Board of Supervisors of Loudoun Cnty. v. Town of Purcellville*, 276 Va. 419, 435 (2008); *Green v. Goodman-Gable-Gould Co.*, 268 Va. 102, 107 (2004)).

"A plaintiff has standing to institute a declaratory judgment proceeding if it has a 'justiciable interest' in the subject matter of the proceeding, either in its own right or in a representative capacity." *Lafferty v. School Board of Fairfax County*, 293 Va. 354, 360 (2017) (quoting *W.S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 383 (1996)). To establish "a 'justiciable interest' in a proceeding, the plaintiff must demonstrate an actual controversy between the plaintiff and the defendant." *Id.* (quoting *W.S. Carnes*, 252 Va. at 383). The standing requirement "is explicitly set forth in the statute authorizing declaratory judgment actions, empowering circuit courts 'to make binding adjudications of right' in 'cases of actual controversy' where there is an 'actual antagonistic assertion and denial of right.'" *Id.* (quoting Code § 8.01-184). "Therefore, a circuit court cannot acquire jurisdiction over a declaratory judgment action unless the proceeding involves an actual adjudication of *rights*." *Daniels v. Mobley*, 285 Va. 402, 408 (2013) (emphasis added).

"When the 'actual objective in the declaratory judgment proceeding [i]s a determination of [a] disputed issue rather than an adjudication of the parties' rights,' the case is not one for

declaratory judgment." *Pure Pres. Church of Washington v. Grace of God Pres. Church*, 296 Va. 42, 55 (2018) (alterations in original) (quoting *Green*, 268 Va. at 108); *Daniels*, 285 Va. at 408 (same); *Charlottesville Fitness*, 285 Va. at 99 (same). "The reason for these rules is that the courts are not constituted, and the declaratory judgment statute was not intended to vest them with authority, to render advisory opinions, to decide moot questions or to answer inquiries which are merely speculative." *Charlottesville Fitness*, 285 Va. at 99 (quoting *City of Fairfax v. Shanklin*, 205 Va. 227, 229-30 (1964)). "Rather, courts may issue declaratory judgments only 'in cases of actual controversy when there is an antagonistic assertion and denial of right.'" *Hunter*, 77 Va. App. at 477 (quoting Kent Sinclair & Leigh B. Middleditch, Jr., *Virginia Civil Procedure* § 3.10[A] (7th ed. 2020)).

Harvey argues that his complaint for declaratory judgment contains sufficient allegations and facts necessary to state a proper claim for declaratory judgment. He contends that his complaint "assert[ed] an actual controversy, amounting to an actual assertion and denial of right involving the interpretation of [the] statute and ask[ed] for nothing more." Harvey further contends that the Commonwealth's reliance on *Orbe* was misplaced because his declaratory judgment complaint did not challenge either his convictions or his sentence.

Although we agree with Harvey that his complaint did not challenge his convictions, as the Commonwealth argues, we nevertheless conclude that he lacked standing under the declaratory judgment statute. Harvey's motion for declaratory judgment did not seek a declaration of his rights. Indeed, although the right to a jury trial to determine guilt is guaranteed by both the federal and Virginia constitutions, there is no constitutional right to a particular sentencing procedure. *See generally Ballard v. Commonwealth*, 228 Va. 213 (1984) (explaining that jury sentencing was a purely statutory right), *cert. denied*, 470 U.S. 1085 (1985). Rather, Harvey's complaint invited the court to render a wholly advisory opinion on his "wholesale,

- 5 -

broadside assault upon the" constitutional validity of the statutory amendments to Code § 19.2-295. *Shanklin*, 205 Va. at 230. As Harvey himself frames the issue, he seeks "the interpretation" of the amended statute and asks for "nothing more."

"A controversy is not created by taking a position and then challenging the government to dispute it." *Id.* at 231. Harvey's motion for declaratory judgment did exactly that: it asserted that without retroactive effect, the statutory amendment violated federal constitutional principles. The court properly dismissed the action because Harvey's claim did not present a justiciable controversy, as our Supreme Court has defined that term, to invoke the circuit court's jurisdiction to render a declaratory judgment.

> II. It was not improper for the Commonwealth to file, and the circuit court to consider, a combined dispositive pleading.

Harvey also asserts that it was improper for the court to address the merits of the declaratory judgment action while the Commonwealth's demurrer was pending. According to Harvey, the Commonwealth's combined responsive pleading was "critically defective" which led to an improper adjudication. Harvey contends that the court should have treated the Commonwealth's answer as defaulted.

We note that it is not uncommon for responding parties to file combined responsive pleadings in declaratory judgment actions. *See, e.g.*, *Morgan*, ___ Va. ___; *EMAC, L.L.C. v. County of Hanover*, 291 Va. 13 (2016); *Friends of the Rappahannock v. Caroline Cnty. Bd. of Sup'rs*, 286 Va. 38 (2013); *Kurpiel v. Hicks*, 284 Va. 347 (2012); *Zappulla v. Crown*, 239 Va. 566 (1990). Moreover, Rule 1:4(k) expressly permits parties to plead in the alternative; as relevant here, "[a] party may . . . state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds."

The crux of Harvey's complaint appears to be that a demurrer does not permit the court to consider the factual merits of the case, so combining the demurrer with the motion to dismiss

improperly invited the court to weigh the merits of the declaratory judgment action at the pleading stage. We find this argument unavailing because, as noted above, a declaratory judgment action is improper if a resolution of disputed facts or issues is required. *Pure Pres.*, 296 Va. at 55; *Daniels*, 285 Va. at 408; *Charlottesville Fitness*, 285 Va. at 99. Thus, we find no reversible error in the court's consideration of the Commonwealth's responsive pleading.

CONCLUSION

Finding no error in the circuit court's judgment, we affirm.

*Affirmed.*