COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Raphael and Callins

TERRY ALLEN RIGGLEMAN

v.      Record No. 0531-23-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 24, 2023

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Andrew S. Baugher, Judge

(Terry A. Riggleman, on briefs), *pro se*.

(Jason S. Miyares, Attorney General; Matthew P. Dullaghan, Senior
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.

Terry A. Riggleman appeals the trial court's judgment dismissing his petition "to compel the

court to stop lending its aid to the enforcement of an illegal contract and request for a declaratory

judgment." After examining the briefs and record in this case, the panel unanimously holds that

oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). We affirm.

BACKGROUND

In July 2007, the trial court convicted Riggleman under a written plea agreement of 25

offenses, including 4 counts of use of a firearm in the commission of a felony, in violation of Code

§ 18.2-53.1. The trial court sentenced Riggleman, in relevant part, to three years' incarceration on

each of the use of a firearm convictions. Riggleman did not appeal the trial court's judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

On February 25, 2022, Riggleman filed a petition for declaratory judgment and "to compel the court to stop lending its aid to the enforcement of an illegal contract." Riggleman argued that under Code § 18.2-53.1, a second or subsequent conviction for use of a firearm in the commission of a felony requires a five-year mandatory minimum term of incarceration. He thus asserted that the prosecutor in his criminal cases did not have the authority to draft a plea agreement that imposed only three years of incarceration for three of his four convictions under Code § 18.2-53.1. Therefore, Riggleman concluded that his plea agreement contained "ultra vires provisions" that were void ab initio. Riggleman asked the trial court for a declaratory judgment that the prosecutor "did not have the authority to change the statutory fixed punishment" for a second or subsequent offense under Code § 18.2-53.1 from five to three years' incarceration.

The Commonwealth opposed Riggleman's complaint as improper, untimely, and without merit. The Commonwealth asserted that in October 2020, Riggleman had filed a petition for a writ of quo warranto[1] against the Commonwealth's Attorney for Rockingham County, alleging that the plea agreement violated Code § 18.2-53.1's sentencing provisions. The trial court denied the petition for a writ of quo warranto, and the Supreme Court refused Riggleman's subsequent petition for appeal. *Riggleman v. Commonwealth*, No. 210824 (Va. Mar. 31, 2023). The Commonwealth argued that Riggleman's petition for declaratory judgment recycled the same, meritless claims as he presented in the petition for a writ of quo warranto and that those claims could have been asserted at trial or on direct appeal. The Commonwealth further contended that Riggleman's complaint failed to allege that the circuit court lacked subject matter jurisdiction and his arguments were untimely under Rule 1:1 to the extent they could be construed as a motion to vacate his sentences. Finally, on

---

[1] A writ of quo warranto is "[t]he usual common-law method of contesting title to an office." *City of Roanoke v. Elliott*, 123 Va. 393, 414 (1918). The writ "may be issued and prosecuted in the name of the Commonwealth" against any person "for the misuse or nonuse of any privilege conferred upon him by law" or "who intrudes into or usurps any public office." Code § 8.01-636(2), (4).

the merits, the Commonwealth argued that Riggleman was not convicted of a second or subsequent violation of Code § 18.2-53.1, so the five-year mandatory minimum term of incarceration did not apply.

The trial court "denied and dismissed" Riggleman's petition for declaratory judgment. It found that the petition was "improper, untimely, and without merit, and that the relief sought . . . should not be granted." On appeal, Riggleman argues that the trial court erred by (1) "ruling that time constraints apply to challenging a legal transaction that was void ab initio," (2) "ruling that the [prosecutor] . . . had the delegated authority to amend or make exceptions" to Code § 18.2-53.1, (3) "ruling that the [prosecutor] had the delegated authority to enter into a contract containing an ultra vires provision," (4) "ruling that an ultra vires provisions of a contract was not void ab initio," (5) "ruling that the trial court had the authority to adopt a procedure wherewith it lent its aid to the enforcement of an ultra vires provision of a contract," (6) "lending its own aid to the enforcement of an ultra vires provision of a contract after the illegality of that contract was made known in the pleadings and evidence," and (7) "refusing to adhere to its strict duty to exercise jurisdiction properly delegated upon it."

## ANALYSIS

"[T]he power to make a declaratory judgment is a discretionary one and must be exercised with care and caution." *Hunter v. Hunter*, 77 Va. App. 468, 479 (2023) (alteration in original) (quoting *Liberty Mut. Ins. Co. v. Bishop*, 211 Va. 414, 421 (1970)). "The purpose of the Declaratory Judgment Act, Code §§ 8.01-184 through -191, is to provide relief from the uncertainty arising out of controversies over legal rights." *Treacy v. Smithfield Foods*, 256 Va. 97, 103 (1998).

> In cases of actual controversy, circuit courts within the scope of
> their respective jurisdictions shall have power to make binding
> adjudications of right, whether or not consequential relief is, or at
> the time could be, claimed and no action or proceeding shall be

> open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for. Controversies involving interpretation of deeds, wills, and other instruments of writing, statutes, municipal ordinances and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right.

Code § 8.01-184. "The General Assembly created the power to issue declaratory judgments to resolve disputes 'before the right is violated.'" *Charlottesville Area Fitness Club Operators Ass'n v. Albemarle Cnty.*, 285 Va. 87, 98 (2013) (quoting *Patterson v. Patterson*, 144 Va. 113, 120 (1926)). Thus, "the Declaratory Judgment Act provides a 'procedural remedy for the unripe, but legally viable, cause of action.'" *Morgan v. Bd. of Supervisors of Hanover Cnty.*, ___ Va. ___, ___ (Feb. 2, 2023) (quoting *Cherrie v. Virginia Health Servs., Inc.*, 292 Va. 309, 318 (2016)).

The limits of a declaratory judgment action, however, are well-settled. A complaint for declaratory judgment may not serve as "a substitute for an appeal or collateral attack upon [a] conviction." *Orbe v. Johnson*, 267 Va. 568, 569 (2004). "Declaratory judgment 'does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies.'" *Id.* (quoting *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir. 1966)). Indeed, "[a] declaratory judgment action is not part of the criminal appellate process." *Id.* (quoting *State v. Brooks*, 728 N.E.2d 1119, 1122 (Ohio 1999)). Accordingly, declaratory judgment does not lie when the action presents an issue that "should have been raised before the trial court" or "on direct appeal from that judgment." *Id.*

Riggleman's declaratory judgment action raised issues regarding alleged defects in the sentences the trial court imposed upon his convictions under Code § 18.2-53.1. Any such defect could have been raised when the plea agreement was presented to the trial court or on direct appeal of the sentences and, therefore, cannot be challenged in a declaratory judgment action. *Orbe*, 267 Va. at 569. Riggleman nevertheless contends that the trial court could have considered his

arguments because the alleged defects rendered his sentencing order void ab initio.  *See Bonanno v. Quinn*, 299 Va. 722, 737 (2021).  However, the record demonstrates that the order was not void.[2]

The record from the underlying cases demonstrates that the trial court's sentencing order did not recite that Riggleman's use of a firearm offenses were "second or subsequent" convictions.  Criminal defendants "charged with felonious conduct may be convicted of a lesser-included offense, or the original charge may be reduced upon the defendant's agreement to plead guilty to the reduced charge."  *Palmer v. Commonwealth*, 269 Va. 203, 207 (2005).  Often, such agreements include reducing charges alleging a second or subsequent violation to a "first offense."  *See, e.g.*, *Booker v. Commonwealth*, 61 Va. App. 323, 327-28 (2012).  Here, Riggleman benefited from a plea agreement that did not pursue the heightened penalties associated with second or subsequent convictions under Code § 18.2-53.1, thereby reducing his sentencing exposure on the respective charges.

In entering plea agreements, the Commonwealth has the authority to reduce charges and the trial court is within its authority to accept an agreement with reduced charges.  The sentencing order does not show that Riggleman was convicted of a "second or subsequent" offense, and thus the trial court was not required to sentence him to the mandatory minimum sentence for a "second or subsequent" offense.  Riggleman's sentence was consistent with the statutory sentences for his convicted offenses.  The sentencing order was not void ab initio.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed*.

---

[2] In the interest of judicial restraint, we do not need to determine whether declaratory judgment was appropriate for this claim because this order was clearly valid.  *See Commonwealth v. White*, 293 Va. 411, 419 (2017) (The doctrine of judicial restraint requires us to "decide cases 'on the best and narrowest grounds available.'" (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015))).