Daniel JOHNSON, # 274157,
Petitioner-Appellant,

v.

Hon. John ONION, Judge, et al.,
Respondents-Appellees.

No. 84–1964
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 28, 1985.

Rehearing Denied June 19, 1985.

Daniel Johnson, pro se.

Jim Mattox, Atty. Gen., William C. Zapalac, Asst. Atty. Gen., Austin, Tex., for respondents-appellees.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff Daniel Johnson, a state prisoner, filed suit under 42 U.S.C. § 1983 against a state trial judge and seven judges on the Texas Court of Criminal Appeals. In his complaint, Johnson requested declaratory and equitable relief, alleging that the judges, in their respective capacities, wrongly decided a fourth amendment suppression issue in his criminal trial and on his direct appeal. The district court dismissed the case for lack of prosecution. We affirm but on the ground that Johnson has failed to present a case or controversy.

I.

In late 1977, Johnson was tried and convicted in state court for aggravated rape. Prior to trial, Johnson filed a motion to suppress evidence the police had seized from his vehicle. The trial court denied the motion. The Texas Court of Criminal Appeals found the search to be valid and affirmed the conviction. The United States Supreme Court subsequently denied a writ of certiorari. *Johnson v. Texas*, 451 U.S. 909, 101 S.Ct. 1978, 68 L.Ed.2d 297 (1981).

In early 1984, Johnson filed the present action under 42 U.S.C. § 1983 for declaratory and equitable relief, contending that the refusal to suppress by the trial court and the affirmance by the court of appeals violated his constitutional rights. The district court ordered Johnson to refile his claim under 28 U.S.C. § 2254 as a petition for federal habeas corpus relief. When Johnson refused to alter his pleadings, the district court dismissed the case for lack of prosecution. Johnson then filed a timely appeal.

II.

Before a federal court may issue a declaratory judgment, the Federal Declaratory Judgement Act, 28 U.S.C. § 2201,[1] requires that there be "a substantial controversy between parties having adverse legal interests." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir.1985). *See also Lake Carriers' Association v. MacMullan*, 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972) (present continuing actual controversy requisite); *Wolfer v. Thaler*, 525 F.2d 977, 979 (5th Cir.), *cert. denied*, 425 U.S. 975, 96 S.Ct. 2176, 48 L.Ed.2d 800 (1976).

In *Emory*, the plaintiff, a former juror in a state court murder trial, filed suit against the judge who presided over the trial. The plaintiff requested, inter alia, declaratory relief and alleged, inter alia, that the judge had singled him out at the close of the trial as the only juror to vote against the death penalty. The Eleventh Circuit found that there was no controversy because there was no "factual allegation ... that such conduct has continued or will be repeated in the future," and concluded that "[a] declaration that [the judge's] past conduct violated [the plaintiff's] constitutional rights ... 'would be nothing more than a gratuitous comment without any force or effect.'" *Emory, supra*, at 1552 (*quoting Northern Virginia Women's Medical Center v. Balch*, 617 F.2d 1045, 1049 (4th Cir. 1980)).

---

1. Section 2201 provides, in pertinent part:

   § 2201. Creation of remedy

   In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or nor further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

In the present case, Johnson has likewise failed to show that an actual controversy exists. Johnson argues that past judicial conduct has violated his constitutional rights. He does not argue that "such conduct has continued or will be repeated in the future." *Emory, supra,* at 1552. In effect, he is seeking to use the Declaratory Judgment Act to appeal his criminal conviction. This he may not do. *See Shannon v. Sequeechi,* 365 F.2d 827, 829 (10th Cir.1966) ("The [Declaratory Judgment] Act does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies.")

### III.

In light of the foregoing, we affirm the judgment of the district court dismissing Johnson's suit.

AFFIRMED.