IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20777
Summary Calendar
_____


JACK WEST, JR.,

                                        Plaintiff-Appellant,

versus

JAMES H. KEESHAN, Judge; DANIEL C. RICE;
JEREMY T. HARTMAN; MARCIA CRONE, U.S. Magistrate;
LYNN HUGHES, U.S. District Judge;
GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-975
--------------------
February 5, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Jack West, Jr., appeals the denial of his 42 U.S.C. §
1983 petition, in which he asserted that the defendants violated
his constitutional rights by denying him relief on his state
postconviction application and 28 U.S.C. § 2254 petition.
Defendants Keeshan, Hartman, and Johnson assert that West did not

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

submit a timely notice of appeal. West's postjudgment motions were not filed within ten days of the entry of judgment, and they therefore did not toll the running of the time for filing a notice of appeal. See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668-69 (5th Cir. 1986)(en banc); FED. R. APP. P.; cf. FED. R. APP. P. 4(a)(4)(A)(iv). West's notice of appeal, however, is timely from the denial of his FED. R. CIV. P. 60(b) motions.

West asserts that the district court erred in dismissing his complaint under the *in forma pauperis* statute. Although West had paid the filing fee, the error is harmless because the district court could have dismissed the complaint as frivolous under 28 U.S.C. § 1915A(b)(1). See Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998).

West contends that the district court erred in denying his motions for transfer of venue, based upon the potential bias of the district court judges. He has not established that the district court abused its discretion in denying the motions. See Matassarin v. Lynch, 174 F.3d 549, 571 (5th Cir. 1999).

West concedes that the judicial and prosecutorial defendants were absolutely immune from suit. See Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994). West also notes that he dismissed the claims against defendant Johnson in the district court. Therefore, any assertion that the district court erred in denying relief on his claims for damages has been abandoned. See

Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

West contends that the district court erred in denying his requests for injunctive and declaratory relief. Although the doctrine of absolute immunity does not bar claims for equitable remedies, see Holloway v. Walker, 765 F.2d 517, 525 (5th Cir. 1985), West is not entitled to such relief because he has not shown that he is likely to face the same wrong in the future. See Society of Separationists v. Herman, 959 F.2d 1283, 1285 (5th Cir. 1992); Johnson v. Onion, 761 F.2d 224, 225-26 (5th Cir. 1985).

West has not shown that the district court abused its discretion in denying relief on his FED. R. CIV. P. 60(b) motion. See Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1404, 1408 (5th Cir. 1994). Consequently, the judgment of the district court is AFFIRMED.

West has also requested that this court grant him leave to file a successive habeas petition. He has not established at this time that he meets the requirements to do so under 28 U.S.C. § 2244(b). Therefore, the request is DENIED.