United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20175
Summary Calendar
_____

MASSOOD DANESH PAJOOH,

Plaintiff-Appellant,

versus

JEFFERY J. BOBCOK; MELINDA HARMON, United States District
Judge, for the Southern District of Texas Houston Division;
RICHARD KUNIANSKY, Kuniansky Karahan & Rozan, sued individually
and in his firm; JERRY E. SMITH, individually, and as Circuit
Judge for United States Court of Appeals for the Fifth Circuit;
EDITH JONES, Individually and as Circuit Judge for the
United States Court of Appeals for the Fifth Circuit; EMILIO
GARZA, Individually and as Circuit Judge for the United
States Court of Appeals for the Fifth Circuit; JOHN DOE;
THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT;
THE UNITED STATES JUSTICE DEPARTMENT; THE UNITED STATES DISTRICT
COURT HOUSTON DIVISION,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-1799
---------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Massood Danesh Pajooh, former federal prisoner # 72872-079 and

a detainee at the Tensas Parish Detention Center, appeals the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal of his <u>Bivens</u>[**] action for lack of subject matter jurisdiction and for failure to state a claim. FED. R. CIV. P. 12(b)(1), (6). Pajooh challenges the district court's dismissal of his claims against the district court judge, the judges of this court, the Assistant United States Attorney, and his retained counsel. He also argues that the district court should have granted declaratory relief and should have released him on bond pending the <u>Bivens</u> action.

Pajooh does not brief the issue of the district court's dismissal of his claims against the district court case manager as barred by absolute immunity; the issue of the dismissal of his claims against the Department of Justice and the federal courts; or the issue of the dismissal of his conspiracy claims. Those claims are abandoned. See <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9). Pajooh has also abandoned the issue of the court's dismissal of his claims for damages as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

The district court did not err in dismissing Pajooh's claims against the district court judge, the judges of this court, and the Assistant United States Attorney as barred by absolute immunity. See <u>Mays v. Sudderth</u>, 97 F.3d 107, 110-11 (5th Cir. 1996); <u>Boyd v. Biggers</u>, 31 F.3d 279, 284-85 (5th Cir. 1994).

---

[**] <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

2

Pursuant to <u>Heck</u>, 512 U.S. 477 (1994), Pajooh's claims against retained counsel Kuniansky have not accrued. <u>Stephenson v. Reno</u>, 28 F.3d 26, 27-28 (5th Cir. 1994). Moreover, retained trial counsel was not acting under color of state law. <u>See</u> <u>Mills v. Criminal Dist. Court No. 3</u>, 837 F.2d 677, 679 (5th Cir. 1988).

Declaratory relief is not available to attack a federal as the improper result of a violation of civil rights. <u>See</u> <u>Johnson v. Onion</u>, 761 F.2d 224, 225-26 (5th Cir. 1985). The issue of Pajooh's release pending the <u>Bivens</u> action is moot. Pajooh's motion for a change of venue is DENIED.

AFFIRMED.