United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 02-30866
Summary Calendar

———————————

BOBBY CELESTINE, also known as Bobbie L. Celestine,

Plaintiff-Appellant,

versus

27TH JUDICIAL DISTRICT COURT; DISTRICT ATTORNEY 27TH
JUDICIAL DISTRICT COURT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-10
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Bobby Celestine appeals from the district court's dismissal of his complaint for declaratory relief. Celestine seeks a declaratory judgment that his 1964 Louisiana state court conviction for simple burglary was unconstitutional.

A state may waive its defense of sovereign immunity, Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998), but the 27th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Judicial District Court did not do so.  Celestine's complaint against the 27th Judicial District Court does not fall within the exception created by Ex Parte Young, 209 U.S. 123, 159-60 (1908). See Aquilar v. Tex. Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998).

Celestine may not obtain a declaratory judgment invalidating his burglary conviction.  Johnson v. Onion, 761 F.2d 224, 226 (5th Cir. 1985).  Furthermore, he has failed to state a cognizable claim under 42 U.S.C. § 1983.  Celestine's complaint falls within the purview of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), even though his sentence has expired and he is not seeking damages.  See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998). Celestine's proposed amendment to name the state judge who handled his conviction as a defendant is baseless because the judge is protected by absolute immunity.  See Malina v. Gonzales, 994 F.2d 1121, 1124-25 (5th Cir. 1993).

AFFIRMED.