

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2006

# Hawkins v. Supreme Ct of NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4361

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hawkins v. Supreme Ct of NJ" (2006). *2006 Decisions.* Paper 1362.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1362

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4361
_____

ELDRIDGE HAWKINS, individually and as attorney for Maria
Glava, Suliman Shabazz and Ehiri Pius
Appellant

v.

SUPREME COURT OF NEW JERSEY; DEBORAH T. PORITZ, Honorable;
EUGENE CODY, Honorable; FRANCINE SCHOTT, Honorable; D. JARED
HONIGFELD, Honorable; EDMOND M. KIRBY, Honorable; PETER B. COOPER,
Honorable; OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF
NEW JERSEY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-01317)
District Judge: Honorable William G. Bassler

_____

Submitted Under Third Circuit LAR 34.1(a)
March 1, 2006

Before: BARRY, STAPLETON AND GREENBERG, CIRCUIT JUDGES
(Filed   March 30, 2006  )

_____

OPINION
_____

PER CURIAM

   In March 2004, Eldridge Hawkins, an attorney proceeding pro se, initiated the

underlying civil rights action in the United States District Court for the District of New Jersey. Hawkins asserted claims under the First, Fifth, Seventh, Ninth, Thirteenth, Fourteenth and Seventeenth Amendments, as well as the New Jersey Law Against Discrimination. According to Hawkins, the defendants violated his rights by making certain rulings between 1999 and 2004 during numerous state court proceedings where he had appeared on behalf of a variety of clients. The defendants subsequently filed a motion to dismiss Hawkins' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In their motion to dismiss, the defendants argued that Hawkins' claims were barred by the Rooker-Feldman and Younger abstention doctrines,[1] the Eleventh Amendment, judicial immunity, and the statute of limitations.

By order entered August 31, 2005, the District Court granted the defendants' motion to dismiss. First, to the extent that Hawkins' claims had been "actually litigated in state court," or were "inextricably intertwined with [the] state court adjudication[s]," the District Court concluded that they were barred by the Rooker-Feldman doctrine. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003) (quotations and citations omitted). Second, assuming arguendo that Hawkins' claims were not barred by the Rooker-Feldman doctrine, the District Court concluded that the Supreme Court of New Jersey and the Office of the Attorney General for the State of New Jersey were

---

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Younger v. Harris, 401 U.S. 37 (1971); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

2

entitled to Eleventh Amendment immunity, while the remaining defendants were entitled to judicial immunity. Finally, the District Court declined to exercise supplemental jurisdiction over Hawkins' state law claim. This timely appeal followed.[2]

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's dismissal of Hawkins' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Gary v. Air Group, Inc., 397 F.3d 183, 186 (3d Cir. 2005). Because we are reviewing the grant of a motion to dismiss, we accept as true the factual allegations in the complaint and view them in the light most favorable to the Hawkins. Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000). We may affirm on any grounds supported by the record. Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

After careful review of the record, and the appellate briefs, we will affirm the August 31, 2005, order for essentially the same reasons set forth by the District Court. We write here briefly only to add the following. We agree with the District Court that Hawkins is not merely raising a "general constitutional challenge" to the rules and procedures used by the New Jersey state courts, but is instead primarily challenging the allegedly unconstitutional practices and acts to which he was subjected. Compare

---

[2] On appeal, Hawkins argues that the District Court should have disqualified the Office of the Attorney General for the State of New Jersey as counsel for the defendants. The District Court declined to consider this issue because Hawkins failed to file a motion to disqualify. Because this issue was not properly raised in the District Court, we decline to consider it on appeal.

Centifanti v. Nix, 865 F.2d 1422, 1429 (3d Cir. 1989) (Rooker-Feldman doctrine does not apply where "[t]he declaratory judgment [a plaintiff] seeks is prospective and directed toward the rules and procedures for considering [future] petitions for reinstatement, rather than toward the decision of the state supreme court on [the plaintiff's] prior petition"), with Stern v. Nix, 840 F.2d 208 (3d Cir. 1988) (holding that because the suit at issue effectively required review of the state court's judgment in the plaintiff's particular case, it was not a "general challenge" and, therefore, was barred by Rooker-Feldman).  One telltale indication that Hawkins is not simply raising a general challenge to state court rules and procedures is the "extensive exposition of the specific facts" of Hawkins' state court cases in his amended complaint, "which hardly would have been necessary if the district court were being asked only to assess the validity" of the rules and procedures in their general application.  Stern, 840 F.2d at 212-13.

Moreover, even assuming arguendo that Hawkins' claims were not barred by Rooker-Feldman, his amended complaint would have been subject to dismissal in any event under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  First, even aside from the issue of sovereign immunity,[3] neither the Supreme

_____

[3] We do note, for Hawkins' benefit, that the Ex Parte Young, 209 U.S. 123 (1908), exception to sovereign immunity permits suits for prospective injunctive relief against individual *state officials* in their official capacities.  A careful reading of the District Court's August 31, 2005, order, however, clearly shows that the District Court determined only that the Supreme Court of New Jersey and the Office of the Attorney General for the State of New Jersey were entitled to sovereign immunity, not the named state officials.  As such, Young is not applicable here.

4

Court of New Jersey nor the Office of the Attorney General for the State of New Jersey is a "person" subject to liability under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Second, although the District Court did not specifically address Hawkins' allegations that he is entitled to relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, when finding the defendant justice and judges immune from suit for monetary damages and injunctive relief, the District Court did not err in dismissing these claims because Hawkins is not entitled to the declaratory relief he seeks. See Johnson v. Onion, 761 F.2d 224, 225 (5th Cir. 1985) (concluding that the Declaratory Judgment Act cannot be used to obtain relief where appellant claimed that past judicial conduct violated his constitutional rights); see also Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985) (noting that a "declaration that [a judge's] past conduct violated [a plaintiff's] constitutional rights . . . would be nothing more than a gratuitous comment without any force or effect") (citations and quotations omitted).

Accordingly, for the foregoing reasons we will affirm the District Court's August 31, 2005 order.