

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2006

# Willaman v. Ferentino

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1116

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Willaman v. Ferentino" (2006). *2006 Decisions.* Paper 1317.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1317

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1116
_____

TERRANCE ROSS WILLAMAN,

Appellant

v.

MAURICE J. FERENTINO; MARSHALL J. PICCININI, ASST. D.A.;
JOHN ASHCROFT; OTHERS KNOWN AT THIS TIME

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00132E)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2005

BEFORE: ROTH, McKEE and ALDISERT, <u>CIRCUIT JUDGES</u>

(Filed   April 5, 2006   )

_____

OPINION
_____

PER CURIAM

Terrance Ross Willaman appeals the District Court's order dismissing his petition for declaratory and injunctive relief and denying his motion to convene a grand jury. In his petition, Willaman sought declaratory and injunctive relief including that the government be enjoined from prosecuting him.[1] He argued that he had a right to possess an unregistered machine gun under the First Amendment, the Religious Freedom Restoration Act, and the Second Amendment. He further asserted that the government violated his rights under the Fourth and Fifth Amendments. The appellees filed a motion to dismiss. On December 20, 2004, the District Court dismissed his petition for relief for failure to state a claim and denied his motion to convene a grand jury as moot. Willaman filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291. The government has filed a motion for summary affirmance.

We exercise plenary review over the District Court's order granting appellees' motion to dismiss. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). When reviewing a complaint for failure to state a claim, the Court must accept the allegations in the complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The Court should not dismiss a complaint unless it is clear that no relief could be granted under any set of facts that could be proved. Id.

On appeal, Willaman raises only his Second Amendment argument and argues that the District Court decided the case based on bias in favor of the government. Declaratory

---

[1] In October 2004, Willaman was convicted by a jury of unlawful possession of a machine gun.

relief is not available to attack a criminal conviction. Johnson v. Onion, 761 F.2d 224 (5th Cir. 1985); Shannon v. Sequeechi, 365 F.2d 827, 829 (10th Cir. 1966) ("The [Declaratory Judgment] Act does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies."). Willaman has the opportunity to raise his Second Amendment argument in his direct appeal from his criminal conviction, and we note that he has done so. See United States v. Willaman, C.A. No. 05-1336. Moreover, Willaman's claims are not cognizable to the extent that a favorable resolution of his claims would imply that his conviction is invalid. Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). With respect to Willaman's assertion that the District Court was biased in favor of the government, we note that he argues that the District Court Judge's bias "should be self-evident from his ruling in this action." Brief at 9. A litigant's displeasure with the District Court's legal rulings is not an adequate basis for recusal. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment.