# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-20745
Conference Calendar

JORGE TREJO MONTERO

Plaintiff-Appellant

v.

JUDGE CAROL G DAVIS, 177th District Court, Harris County, Texas

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1818

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jorge Trejo Montero, Texas prisoner # 1017932, appeals the dismissal of his pro se, in forma pauperis (IFP) 42 U.S.C. § 1983 complaint as frivolous. In his complaint, he averred that state district court judge Carol G. Davis denied him due process by finding that his second state habeas application was successive and recommending dismissal of the application on that basis. Montero sought a declaration that the application was not successive and an order directing the state courts to allow him to file a state habeas application

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the finding that he used or exhibited a deadly weapon. An IFP complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or fact. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A dismissal under § 1915(e)(2)(B)(i) is reviewed for abuse of discretion. Id.

Montero first avers that the district court erred in finding that he was not entitled to proceed under the Declaratory Judgment Act (DJA). He contends that he had a "right" to proceed under the DJA and should not have been "forced" to seek relief under § 1983. Montero is incorrect. Unless the request for declaratory relief is tied to another cause of action within the jurisdiction of the federal court, it must be dismissed. Earnest v. Lowentritt, 690 F.2d 1198, 1203 (5th Cir. 1982). Had Montero sought to proceed under the DJA alone, the district court would have lacked federal subject matter jurisdiction over the complaint.

Montero avers that the district court erred in finding that he failed to show the existence of an actual controversy so as to have standing to proceed under the DJA. The Texas Court of Criminal Appeals dismissed Montero's application as successive, not Judge Davis. Thus, Montero has failed to show an actual controversy existed between him and Judge Davis. See Johnson v. Onion, 761 F. 2d 224, 225 (5th Cir. 1985).

Montero's appeal is without arguable merit and, thus, frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. Montero is cautioned that the dismissal of this appeal as frivolous counts as a strike under § 1915(g), as does the district court's dismissal of his complaint as frivolous. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). He, therefore, has two strikes under § 1915(g). Montero is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal

filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury."  See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.