# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2013

Lyle W. Cayce
Clerk

No. 12-51002
Summary Calendar

RUDY STANKO,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:12-CV-89

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Rudy Stanko appeals the denial of his complaint, in which he sought relief under the Declaratory Judgment Act, relative to his assertion that the prohibition against his possessing a firearm or ammunition is unconstitutional. He argues that the district court erred when it treated his claims as falling under 42 U.S.C. § 1983 or habeas corpus.

District courts are directed to screen complaints filed by prisoners in civil actions and dismiss a complaint if it fails to state a claim upon which relief may

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be granted. 28 U.S.C. § 1915A(b)(1). We review such dismissals de novo, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *Green v. Atkinson*, 623 F.3d 278, 279 (5th Cir. 2010).

To the extent that Stanko relies on the Declaratory Judgment Act to challenge the prohibition against his possession of a firearm and ammunition imposed after he was convicted of violating the Federal Meat Inspection Act, he fails to state a claim for which relief can be granted. *See Johnson v. Onion*, 761 F.2d 224, 226 (5th Cir. 1985). Further, to the extent that he asserts a claim for declaratory relief that in effect attacks the constitutionality of the conviction and sentence imposed for violating the Federal Meat Inspection Act and he has not shown that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, he fails to state a claim for which relief can be granted. *See Edwards v. Balisok*, 520 U.S. 641, 643-48 (1997); *Clarke v. Stadler*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc). Accordingly, the district court's denial of Stanko's complaint is AFFIRMED.