# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2024

Lyle W. Cayce
Clerk

No. 23-10525

_____

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Christopher A. Novinger;
ICAN Investment Group, L.L.C.,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-358

_____

Before Higginbotham, Smith, and Higginson, *Circuit Judges.*

Jerry E. Smith, *Circuit Judge*:

Christopher Novinger and ICAN Investment Group, L.L.C., entered into consent decrees with the SEC in 2016 as a result of a civil enforcement suit.[1]  Codified in the Code of Federal Regulations and common practice for SEC enforcements, the consent decrees prohibit defendants from casting

---

[1] Novinger is a principal and managing member of ICAN.  He and the investment group raise the same claims, and the decrees against them do not differ significantly.  We refer to both defendants as Novinger.

doubt on the validity of the SEC's investigation into or enforcement against them. *See* 17 C.F.R. § 202.5. Additionally, defendants may not proclaim their lack of guilt unless they also indicate their lack of innocence.

Five years later, dissatisfied with the benefit of his bargain, Novinger sought judicial review of the decree, contending that it violated his First Amendment rights as a prior restraint that improperly compelled his speech. So, he sought relief from judgment under Federal Rule of Civil Procedure 60(b). But the court denied his motion, and this court affirmed. *See SEC v. Novinger* (*Novinger I*), 40 F.4th 297, 300 (5th Cir. 2022).

Disheartened but not dissuaded, Novinger moved for declaratory judgment under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57. Yet again, the district court denied his motion. It ruled that Novinger had brought a procedurally improper motion and that no change in law or facts called for the court to exercise its discretion to modify the decrees.

Novinger appeals, and we agree with the district court—his motion was procedurally improper. That presents us with a question of first impression: whether we have jurisdiction to review a procedurally improper motion denied as such. We do not, so we dismiss the appeal.

I.

In 2015, the SEC sued Novinger for fraudulently offering and selling life settlement interests in violation of the Securities and Exchange Acts. The parties entered settlement discussions, and, about a year after the SEC's initial complaint, they reached an agreement.

As part of the "Agreed Final Judgments," the parties entered joint consent orders. Most importantly to Novinger's appeal, the parties agreed to comply with

> the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." . . . [Further,] Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that defendant does not deny the allegations . . . .

The consent agreements explained that "[i]f Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket."

In 2016, the district court entered the final judgments and incorporated the consent agreements. Five years later, though, Novinger filed a Rule 60(b) motion to reopen the case and to obtain relief from judgment. He alleged that the consent agreements were "gag orders" that "violate[d] the First Amendment" and were derived from an SEC rule promulgated in violation of the APA, making the agreements void.

The district court denied that motion, and our court affirmed. *See Novinger I*, 40 F.4th at 300. Judge Jones added a single-paragraph concurrence, joined by Judge Duncan, explaining that the SEC's consent policy struck her as a brutally "effective prior restraint." *Id.* at 308 (Jones, J., concurring) Still, she did not suggest it merited alteration under Rule 60(b).

Encouraged by the two-judge concurrence, Novinger filed a motion for declaratory relief under 18 U.S.C. § 2201 and Rule 57. Effectively raising the same claims as in his Rule 60(b) motion, he asserted that the "gag order"

operated as a prior restraint in violation of the First Amendment and violated both the Due Process clause and the Federal Rules of Civil Procedure. Additionally, he contended that the "gag order" was beyond the scope of the SEC's powers.

The district court denied that motion too, "find[ing] that a motion for declaratory judgment is not an appropriate pleading for purposes of the Declaratory Judgment Act." *SEC v. Novinger* (*Novinger II*), No. 4:15-CV-00358, 2023 WL 3593254, at *3 (N.D. Tex. Mar. 22, 2023). Further, despite its "inherent authority to modify" a decree because of its prospective effect, the district court found that "there has been [no] change in the underlying law or facts that suggest the Court should modify the decrees." *Id.*

Novinger appeals, contending that the motion was procedurally proper and that the court abused its discretion by denying declaratory relief.

## II.

Though neither party disputes our jurisdiction, we must confirm it *sua sponte*.[2] Therefore, before we address the merits of Novinger's contentions, we consider whether we have appellate jurisdiction to review a denial of a procedurally improper motion that the district court denied as such.

The district court addressed only two issues in its order. First, it denied Novinger's motion for declaratory relief as procedurally improper. Second, it declined to exercise its inherent discretion to modify the consent decrees. Novinger describes those conclusions as final judgments, reviewable under 28 U.S.C. § 1291 because they "disposed of all Appellants' claims raised in their Motion for Declaratory Relief." Brief for the Appellant at 1.

---

[2] *See Doe v. Tangipahoa Par. Sch. Bd.*, 494 F.3d 494, 496 n.1 (5th Cir. 2007) (en banc); *see also id.* at 497 n.5 (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)); *Telles v. City of El Paso*, 164 F. App'x 492, 495 (5th Cir. 2006).

No. 23-10525

Similarly, although the SEC, Brief for the Appellee at 2, cites *Cadle Co. v. Neubauer*, 562 F.3d 369, 372 (5th Cir. 2009), for the proposition that "most" post-judgment orders are final decisions, it omits the court's subsequent explanation that "not all are."

Only orders that "dispose completely of the issues raised" are final decisions. *Id.* The order here is not a final decision because it did not dispose of Novinger's entire claim but merely prevented Novinger from pursuing a claim through the wrong procedural vehicle.

Two other circuits have ruled on the procedural question presented here—whether a party may bring a declaratory judgment motion in a non-DJA action.[3] Both courts held that only final decisions are appealable, but differing procedural histories led to differing conclusions on jurisdiction. The Ninth had jurisdiction, and the Eleventh did not. The procedural history here mirrors the Eleventh's, not the Ninth's.

In both Ninth Circuit cases, that court had jurisdiction because it was ruling on orders that disposed of more than just the procedurally improper motions. In *Tucson*, the order being appealed had "denied intervenors' request for declaratory relief *and* issued a twelve-page opinion approving the consent decrees."[4] In other words, the court had jurisdiction because of the entry of the consent decrees. Similarly, in *Kam-Ko*, the district court had ruled on the substantive unconscionability of an arbitration clause and a request for a stay—*then* it dismissed the action. *See* 560 F.3d at 939. In the instant case, though, the district court merely ruled on the motion and

---

[3] *See Arizona v. City of Tucson*, 761 F.3d 1005, 1009 (9th Cir. 2014); *Kam-Ko Bio-Pharm Trading Co., Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 939 (9th Cir. 2009); *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 832 (11th Cir. 2010).

[4] 761 F.3d at 1009 (emphasis added). For the district court's order, see *Arizona v. Ashton Co., Inc.,* No. CIV 10-634, 2012 WL 569018, at *7 (D. Ariz. Feb. 22, 2012).

declined to exercise its inherent discretion. Thus, we distinguish the Ninth Circuit cases in our jurisdictional analysis.

The Eleventh Circuit case, though, is on point. In *Thomas*, the court reviewed a denied motion for declaratory judgment and—exactly as here— dealt with no other issues.[5] *See* 594 F.3d at 827–28. Also as here, "neither party challenge[d the court's] jurisdiction to entertain th[e] appeal" because both believed the order was final, or at least a ruling under the DJA. *Id.* at 828. But the court addressed the issue *sua sponte*. *Id.*

It began by evaluating whether the order was a final judgment giving rise to § 1291 jurisdiction. It concluded first that the district court's order "did not 'finally settle the matter in litigation.'"[6] "Second," the court ruled, "the order did not dispose of the matter because it did not hold the movant in contempt or impose any sanction for violating the injunction."[7] Thus, the order was not a final judgment, and the court did not have § 1291 jurisdiction.

The Eleventh Circuit considered and quickly rejected jurisdiction under the collateral order doctrine. The order did not "conclusively determine the disputed question." *Id.* at 831. Finally, that court rejected the possibility of interlocutory appellate jurisdiction under § 1292(a)(1) because the district court had not changed the injunction. *Id.* at 832.

---

[5] At oral argument, the SEC described the motion at issue in *Thomas* as akin to a motion for clarification, whereas Novinger's motion was more like a Rule 60(b) motion. Thus, SEC offered, denial of that motion was not reviewable as a final judgment, whereas this denial is. As explained *infra*, we disagree.

[6] 594 F.3d at 830 (alteration accepted) (quoting *Delaney's Inc. v. Ill. Union Ins. Co.*, 894 F.2d 1300, 1305 (11th Cir. 1990)).

[7] *Id.* (cleaned up); *see also id.* at 829 ("The most we can say about the order . . . is that it did not alter the status quo . . . . The order left the parties in the same position as before Robertson filed his motion.")

No. 23-10525

We follow the path of the Eleventh Circuit.  But, unlike the district court in *Thomas*, the district court here provided a detailed and clear justification for its denial of Novinger's motion.[8]  So, we need not "put words into the mouth of the district court . . . ."  *Thomas*, 594 F.3d at 830.  All we need to do is determine whether its ruling was a "final decision of the district court."  *La Union del Pueblo Entero v. Abbott*, 93 F.4th 310, 319 (5th Cir. 2024) (cleaned up).

"A final decision is one that 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'"[9]  As in *Thomas*, though, the district court merely denied a post-judgment motion in an order that "does not declare anything except that [the] motion is denied" as procedurally improper.  594 F.3d. at 831.  Further, an unpublished opinion of our court has already held that we lack § 1291 jurisdiction over such denials of procedurally improper motions because they are not final.  *See Telles*, 164 F. App'x at 495.  Although we are not bound by unpublished opinions, we agree with *Telles*, and we now adopt its reasoning: We lack jurisdiction to review an order, denying a procedurally improper motion, that "did not adjudicate or dispose of any substantive issues" because that ruling "is not a final judgment . . . ."  *Id.*[10]

The district court's order did not change the *status quo* or resolve any substantive issues.  That court remains capable of exercising its discretion to

_____

[8] *Compare id.* at 828 ("[T]he district court did not discuss the merits of [the] motion . . . ."), *with Novinger II*, 2023 WL 3593254, at *1–4.

[9] *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 448 (5th Cir. 2019) (quoting *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)).

[10] Ultimately, *Telles* focused on the plaintiff's failure to follow the district court's local rules on serving moving papers.  That factual distinction, and that we did not publish *Telles*, limits its precedential value.  Still, its analysis deftly explains why we lack jurisdiction over orders denying similarly procedurally deficient motions.  *See* 164 F. App'x at 495.

No. 23-10525

modify the consent decree; the parties remain bound by it and are free to pursue their desired relief through other procedural vehicles. In other words, that court made no final decision, so we lack § 1291 jurisdiction.

We also lack interlocutory appellate jurisdiction. As *Telles* explained, "a motion for declaratory judgment is not one of the specified types of interlocutory orders subject to appeal in § 1292(a)." 164 F. App'x at 495.

Therefore, if we concur with the district court that the motion was procedurally improper, we lack jurisdiction to review that denial. Not only does such a conclusion flow from the Eleventh Circuit's logical and persuasive analysis, but also, were we to rule that we had appellate jurisdiction, we would dramatically undercut the final-judgment requirement: Assuming Novinger filed a procedurally improper motion, our exercise of appellate jurisdiction would erroneously establish that our court is willing to consider future post-judgment orders on procedurally improper motions denied as such. We decline to open that Pandora's box of frivolous appeals.[11]

### III.

We always have jurisdiction to determine our jurisdiction.[12] So, we must review *de novo* whether the district court correctly determined the motion's procedural impropriety.[13]

---

[11] Consider, for example, improper post-judgment motions to correct the record. *See United States v. Zavala*, No. 22-50751, 2023 WL 2570550, at *1 (5th Cir. Mar. 17, 2023) (per curiam) (unpublished), *cert. denied*, 144 S. Ct. 400 (2023). Or to amend petitions. *See Johnson v. Farris*, No. 22-30648, 2023 WL 3295200, at *1 (5th Cir. Jan. 12, 2023) (per curiam) (unpublished).

[12] *See Brownback v. King*, 141 S. Ct. 740, 750 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)).

[13] *See Ran-Nan Inc. v. Gen. Accident Ins. Co. of Am.*, 252 F.3d 738, 739 (5th Cir. 2001) (per curiam) (citations omitted).

No. 23-10525

A.

The DJA creates a remedy under which "any court, upon the filing of an *appropriate pleading*, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (cleaned up). Rule 57 then establishes that the Federal Rules of Civil Procedure apply "for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ P. 57. Further, a "court may order a speedy hearing of a declaratory-judgment *action*." *Id.* (emphasis added). Finally, Federal Rule of Civil Procedure 7(a) defines pleadings, whereas Rule 7(b) discusses motions.

Whether Novinger's motion was procedurally proper appears to be a question of first impression in our circuit.[14] As mentioned above, however, the Ninth and the Eleventh have previously determined that "[r]equests for declaratory judgment are not properly before the court if raised only . . . by motion."[15] To "obtain a declaratory judgment, [movants] must either file a

---

[14] Novinger cites *United Teacher Associations Insurance Co. v. Union Labor Life Insurance Co.* (*UTA*), 414 F.3d 558, 572 (5th Cir. 2005), for the proposition that our court permits motions for declaratory judgment. But *UTA* explicitly dealt with a motion filed under 28 U.S.C. § 2202, not § 2201. The district court there had already ruled on the declaratory judgment *action*, and Union had filed a motion under § 2202 to obtain the relief granted in the declaratory judgment action. Thus, as far as we can tell, we have never ruled on whether someone can bring a 28 U.S.C. § 2201 motion in a non-DJA action.

[15] *Tucson*, 761 F.3d at 1009 (citing *Kam-Ko*, 560 F.3d at 943); *accord Thomas*, 594 F.3d at 830–31. Along with the district court here, legions of district and magistrate judges in our circuit have also adopted that standard. *See, e.g., Roberts v. Am. Bank & Tr. Co.,* 835 F. Supp. 2d 183, 209 & n.4 (E.D. La. 2011); *Rodriguez v. CHRISTUS Spohn Health Sys. Corp.*, No. CIV.A. C-09-95, 2011 WL 4074389, at *1 n.1 (S.D. Tex. Sept. 12, 2011); *Enniss Fam. Realty I, LLC v. Schneider Nat'l Carriers, Inc.*, 916 F. Supp. 2d 702, 711 (S.D. Miss. 2013); *United States v. Bolivar Cnty.*, No. 4:15-CV-165, 2016 WL 7471319, at *2 & n.2 (N.D. Miss. Dec 28, 2016); *Stephenson v. Caterpillar Inc.*, No. 2:16-CV-00071, 2019 WL 498337, at *2 (E.D. Tex. Feb. 8, 2019) (quoting *Matrix Partners VIII, LLP v. Nat. Res. Recovery, Inc.*, No. 1:08-CV-547, 2009 WL 10677790, at *1 (E.D. Tex. May 22, 2009)); *Burkette v. Travis*, No. CV 18-996, 2023 WL 5199541, at *2 & n.13 (M.D. La. July 11, 2023), *report and recommendation adopted sub nom. Burkette v. E. Feliciana Par. Sheriff*, No. CV

separate action seeking such relief, or move to amend their complaints on remand." *Tucson*, 761 F.3d at 1009 (citation omitted).

We agree with our sister circuits and read "pleading" with the meaning Rule 7 gives it, that is, as exclusive of motions. "No other paper will be considered a pleading except those specifically named in Rule 7(a). A motion in any other form cannot stand as a pleading." 2 James W. Moore et al., Moore's Federal Practice § 7.02[1][b], at 7-5 (3d ed. 2023). "Motions are not pleadings." *Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 454 (5th Cir. 2022).

That maxim also fits with the typical treatment of declaratory judgment motions in other settings. The DJA does not create a new type of "motion," and, in cases where parties file them, courts inevitably treat them as other types of motions.

In most DJA actions, the party seeking declaratory judgment usually files a motion asking explicitly for that relief, but the court construes it as a motion for summary judgment.[16] Similarly, in criminal cases, courts have typically treated such a motion as one to amend a criminal judgment.[17] But, just as Hatten's "proper course of action [was] to petition the district court to modify its restitution order," so too here. 167 F.3d at 887. Novinger's

---

18-996, 2023 WL 5185137 (M.D. La. Aug. 11, 2023); *Ragnar Dev. LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 4:23-CV-02191, 2023 WL 8480061, at *1 (S.D. Tex. Dec. 7, 2023).

[16] *See Bolivar Cnty.*, 2016 WL 7471319, at *2 n.3. But "[s]ummary judgment after the entry of a final judgment is procedurally improper." *Id.* (citation omitted). Thus, it would be improper to treat Novinger's motion for declaratory judgment as a motion for summary judgment.

[17] *See United States v. Hatten*, 167 F.3d 884, 885, 887 (5th Cir. 1999) (ruling that the district court lacked jurisdiction to review a motion for declaratory judgment, even treating it as a motion to amend Hatten's criminal judgment).

"proper course of action," was what he tried first: a Rule 60 motion.[18]

## B.

Finally, we reject Novinger's contention that because he finds himself constrained by a "procedural straightjacket [*sic*]," he merits the court's mercy. He acknowledges that the motion is not a pleading but suggests that we create an exception to the plain language of the DJA and Rule 57 because (1) he lacks alternative routes, (2) the motion is facially similar to a pleading, (3) the motion could be viewed as a motion for summary judgment, and (4) the Ninth Circuit and Eleventh Circuit cases are allegedly not on point.

Novinger claims first that, after the Rule 60(b) motion failed in *Novinger I*, he had no other way to challenge the "gag order." Specifically, he explains that he cannot bring a separate action nor violate the consent decree because of, respectively, the collateral-attack and collateral-bar rules. Assuming, *arguendo*, that Novinger is correct that no other avenues exist by which to obtain relief, that makes no difference. As the SEC points out, Novinger can, and did, seek relief under Rule 60(b). That he failed does not entitle him to some other form of relief.

Novinger's second claim is that our circuit, and others, have construed motions for declaratory judgment as other motions, so we should similarly liberally construe his motion. Novinger points first to *Castle v. United States*, 399 F.2d 642 (5th Cir. 1968), to support the contention that we have allowed parties to seek declaratory relief by motion. But his theory overreads *dictum* in *Castle*. There, the defendant had filed a motion under 28 U.S.C.

---

[18] *Hatten* sheds no light on the question of jurisdiction here because that district court (1) treated the motion as a motion to amend a criminal judgment and (2) amended the restitution order. 167 F.3d at 885–86. At the very least, that alteration of the order functioned as a modified injunction; we do not have that here.

§ 2255 to vacate his conviction. *Id.* at 644. We explained that we had federal jurisdiction despite Castle's release because Castle had filed his motion while he was in custody. *Id.* Then, we acknowledged that the case presented a "real and substantial controversy," and, finally, we stated off-hand that, in the alternative, the motion "could be treated as a motion for declaratory judgment . . . ." *Id.* Not only does that statement not control here because it is *dictum*, but also, our court has since adopted a rule against using the DJA to appeal criminal convictions, casting a cloud over that *dictum*.[19] We decline to overread and extend *Castle* to create a brand-new motion.

Alternatively, Novinger suggests that we treat the motion for declaratory judgment as a new action. As support, he claims that in *Gully v. International Natural Gas Co.*, the plaintiffs filed a "supplemental bill and petition for a declaratory judgment" on which the court ruled. 82 F.2d 145, 146 (5th Cir. 1936). But Novinger mistakes his historical lexicology. A supplemental bill was "[a] bill filed for the purpose of adding something to an original bill." *Supplemental Bill*, BLACK'S LAW DICTIONARY (11th ed. 2019). And an original bill was a pleading. *Bill*, BLACK'S LAW DICTIONARY (11th ed. 2019). In other words, to mirror *Gully*, Novinger would have to file a suit seeking declaratory judgment in its pleadings.

We reject those, and other, comparisons because Novinger's motion is unlike the other motions for declaratory judgment that we have previously interpreted liberally. *See also supra* Part III.A.

Third, Novinger claims that the Ninth and Eleventh Circuit cases the district court cited are inapplicable. Not so. Novinger attempts to distin-

---

[19] *See Johnson v. Onion*, 761 F.2d 224, 226 (5th Cir. 1985) (citing *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir. 1966)) ("In effect, he is seeking to use the [DJA] to appeal his criminal conviction. This he may not do.").

guish *Thomas* and *Kam-Ko* by pointing to the fact that those motions were brought not by defendants but, instead, by plaintiffs who could have amended their complaints, and that in the movant in *Tucson* was an intervenor. But the status of the moving party is irrelevant to whether the type of motion is procedurally proper. Novinger falls back to the claim that without a motion for declaratory judgment, he cannot obtain any relief. But that ignores the attempted, and denied, Rule 60(b) motion.

Finally, Novinger claims that the district court should have ignored the Federal Rules and construed the motion for declaratory relief as an appropriate pleading under the DJA. As with his others, we reject that assertion. Accepting such a claim would undermine the differentiation between a pleading as an initial filing in a case and a motion as a subsequent filing.[20] That the motion complies with the facial requirements of a pleading alone does not make it one.

*    *    *    *    *

Novinger cites *Marbury v. Madison*, 5 U.S. 137, 147 (1803), to claim that he must have an avenue by which to vindicate his rights. He is correct—Rule 60(b) provides that relief. But a motion for declaratory judgment does not lie where the action is not, itself, for declaratory judgment. So, Novinger brought a procedurally improper motion. Having confirmed that, we lack appellate jurisdiction to review a motion properly denied as procedurally improper. Therefore, the appeal is DISMISSED for want of jurisdiction.

---

[20] For example, we use that distinction to decide whether implicitly to convert a granted Rule 12(b)(6) motion to dismiss into a summary judgment. *See Hodge v. Engleman*, 90 F.4th 840, 843–44 (5th Cir. 2024) (quoting Fed. R. Civ. P. 12(d)).