# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2024

Lyle W. Cayce
Clerk

———————

No. 23-40646

———————

Jake Ellis Daughtry; Sandra Miller Daughtry, *Individually*, *doing business as* Jake's Fireworks; Joseph Ellis Daughtry; Right Price Chemicals, L.L.C.; Best Buy Industrial Supply L.L.C.; Lab Chemical Supply L.L.C.; Daughtry Investments L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Michelle Englade; Karen Berra; Allen Pride; Jiries Salameh; Bryan Lopez; Robert Wexler; Joe Batte; Corey Pinckney; United States Drug Enforcement Administration,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CV-240

———————————————————————

Before Ho, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40646

Appellants are Jake Daughtry, his father Joseph, his mother Sandra, and their various fireworks and chemical businesses. The district court dismissed for lack of standing Appellants' claim seeking to declare unconstitutional a federal prohibition on distributing date rape drugs, 21 U.S.C. § 841(g). The court also dismissed for failure to state a claim their *Bivens* claims against federal officials involved in Jake and Joseph's prosecution for violating § 841(g) and other laws. We affirm.

I.

In 2018, the Drug Enforcement Administration ("DEA") seized Appellants' packages of the drug 1,4-butanediol ("BDO"). While BDO has legitimate industrial uses, it is defined as a "date rape drug" in 21 U.S.C. § 841(g) because it can facilitate sexual assault. *See id.* § 841(g)(2)(A)(i) (providing "[t]he term 'date rape drug'" includes "1,4-butanediol"). Federal law prohibits knowingly distributing BDO over the internet if the distributor "know[s] or [has] reasonable cause to believe that— (A) the drug would be used in the commission of criminal sexual conduct; or (B) the person is not an authorized purchaser." *Id.* § 841(g)(1).

Following the seizure, Appellant Jake Daughtry pled guilty of conspiracy to possess with intent to distribute and distribution of a date rape drug, in violation of §§ 841(g) and 846. *United States v. Daughtry, et al.*, 1:20-CR-55. Appellant Joseph Daughtry, Jake's father, pled guilty of money laundering in connection with the distribution scheme, in violation of 18 U.S.C. § 1957. *Ibid.* Meanwhile, in a parallel civil proceeding, the Government obtained a permanent injunction prohibiting the Daughtrys from using their businesses to sell BDO. *United States v. Daughtry, et al.*, 1:20-CV-305.

2

No. 23-40646

Appellants then filed this suit in federal district court, seeking a declaratory judgment that § 841(g) is unconstitutionally vague.[1] They also asserted various *Bivens* challenges and Texas state law claims related to the investigation and prosecution.

The district court dismissed the federal claims with prejudice and declined to exercise supplemental jurisdiction over the state law claims. Specifically, the court dismissed the declaratory relief claims for lack of standing and the *Bivens* claims for failure to state a claim. We review Appellants' challenge to those rulings *de novo*. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## II.

First, Appellants contend their declaratory relief claims were wrongly dismissed for lack of standing because they are presently harmed by the injunction against their selling BDO. But Appellants failed to raise this argument below. In opposition to the Government's motion to dismiss, they argued that they were harmed only by the Government's past actions (seizing their property and jailing Jake and Joseph), arguments they have not renewed on appeal. *See, e.g.*, *E.T. v. Paxton*, 41 F.4th 709, 718 n.2 (5th Cir. 2022) ("[A]rguments *in favor* of standing, like all arguments in favor of jurisdiction, can be forfeited or waived.") (quoting *Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 542 (5th Cir. 2019)).

Appellants' claims would fail in any event. As the district court found, their declaratory judgment action is essentially "a post hoc, unauthorized collateral challenge to Jake's and Joseph's prosecution and subsequent

---

[1] The suit also targets § 813, which treats controlled substance analogues, such as BDO, as schedule I controlled substances to the extent they are intended for human consumption. *See* 21 U.S.C. § 813(a).

convictions." That is not permissible. *See Johnson v. Onion*, 761 F.2d 224, 226 (5th Cir. 1985) ("The [Declaratory Judgment] Act does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies." (alteration in original) (quoting *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir. 1966)); *see also SEC v. Novinger*, 96 F.4th 774, 782 & n.19 (5th Cir. 2024) (observing that, in *Johnson*, "our court . . . adopted a rule against using the DJA to appeal criminal convictions").

Appellants next argue the district court erred in dismissing their *Bivens* claims. We disagree. The district court gave numerous reasons for dismissing those claims, which contended that officials involved in the Daughtrys' investigation and prosecution violated the Fourth, Fifth, Sixth, and Fourteenth Amendments. For instance, the court reasoned that the claims were dissimilar to core *Bivens* claims, that "special factors" counseled against extending *Bivens*, and that some claims were *Heck*-barred. *See, e.g.*, *Egbert v. Boule*, 596 U.S. 482, 492 ("[I]f a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 136 (2017)); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (complaint must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless . . . the conviction or sentence has already been invalidated"). Appellants entirely fail to grapple with these rulings,[2] thus abandoning any challenge to

---

[2] They argue only that the court failed to credit their allegations and relied on extra-record information. Not so. For instance, the court accepted at face value Appellants' assertion that the investigation arose from a false allegation that the Daughtrys were selling the drug GBL, rather than BDO. And the court's observation that BDO is similar to GBL and GHB—about which Appellants complain—relied on Appellants' own exhibit.

No. 23-40646

them. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); Fed. R. App. P. 28(a)(8).

Finally, Appellants contest the district court's dismissal of their claims against the United States Attorney General and the DEA Administrator. But, as the court explained, their complaint alleges nothing against those officials and adding them does not remedy Appellants' standing problems. Appellants identify no error as to their dismissal.

AFFIRMED